[No. 14557.  Department Two.  April 29, 1918.]

FRED E. BEERS, *Respondent*, v. HORACE WALKER *et al.*,
*Appellants.*

IRENE BEERS, *Appellant*, v. FRED E. BEERS, *Respondent.*[1]

HABEAS CORPUS—CUSTODY OF CHILD—DEFENSES.  Where a divorced wife has for years continuously violated the order for the custody of a child, she is not entitled to be heard upon an application for a modification of the decree of divorce, affirmed by the supreme court, as a defense to a writ of *habeas corpus* to enforce compliance with the order.

Appeal from an order of the superior court for King county, French, J., entered October 16, 1917, in favor of the petitioner for a writ of *habeas corpus,* upon a hearing before the court.  Affirmed.

*Peterson & Macbride,* for appellants.

*Gay & Griffin,* for respondent.

MOUNT, J.—This appeal is from an order of the lower court granting a writ of *habeas corpus* to the respondent for the possession of a minor child, and denying to the appellants the right to modify a decree of divorce.

The admitted facts are substantially as follows:  In April, 1909, a decree was entered in the superior court for King county granting to Irene Beers a divorce from her husband, Fred E. Beers.  The decree awarded the custody of the two minor children, Evelyn and Gladys Beers, to their mother.  Afterwards, in the year 1912, Fred E. Beers filed a petition to modify the decree as to the custody of the children.  Upon a hearing of this petition, the court granted the modification and awarded the custody of one of the children, Gladys Beers, to her father.  Upon appeal to this court, that order of modification was affirmed.  *Beers v. Beers,* 74

[1]Reported in 172 Pac. 861.

Wash. 458, 133 Pac. 605. Prior to the affirmance of that order, Mrs. Beers took the child and was out of the state. She afterwards was married to a man by the name of Frallicciardi, and she has practically retained the custody of the child ever since and has not complied with the order of the court awarding the custody of the child to its father. In July, 1917, when the child was brought back to King county, in this state, Fred E. Beers, its father, filed a petition for a writ of *habeas corpus,* basing his right to the child upon the decree affirmed by this court in *Beers v. Beers, supra.* Upon the day after this petition was filed, Mrs. Frallicciardi filed a petition in the original action for a modification of the decree, praying to be allowed to have the custody of the child, and in her answer to the application for writ of *habeas corpus,* alleged, in substance, that conditions had changed since the last modification of the decree, that the father had never supported the child, had not paid the alimony, and was not in a position to give the child proper care, training and education, and that she was in a position to care for the child and that its best interest demanded that it should remain with her. The child at that time was at the age of eleven years. When the petition in *habeas corpus* came on to be heard before the court, it was agreed that the petition to modify the decree should be taken up with the petition for *habeas corpus.* The trial court was of the opinion that the father was entitled to the care and custody of the child under the modified decree, and refused to consider the application for modification, apparently because the order modifying the original decree had been affirmed by this court and no permission had been obtained from this court to modify it. The trial court, therefore, granted the petition for *habeas corpus,* and this appeal followed.

The only question presented by the appellants is that the court erred in refusing to modify the decree because no permission had been obtained from this court therefor. We deem it unnecessary to enter into a discussion of that question at this time. It clearly appears from the record before us that Mrs. Beers, now Mrs. Frallicciardi, has retained possession of the child ever since the modification in 1916, has kept the child out of the jurisdiction of the court most of that time, and has failed and refused to comply with the order of modification. We are satisfied that, under those circumstances, she was not entitled to be heard upon her petition for modification as a defense to the writ of *habeas corpus*. The writ of *habeas corpus* was sued out to enforce the order of modification made in the year 1916, awarding the custody of this child to its father. He was clearly entitled to that relief. When it is shown that Mrs. Frallicciardi has continuously violated the order and has kept the child away from the jurisdiction of the court, she ought not to be heard to say, in answer to a petition for *habeas corpus*, that she is now a fit and proper person to have the care of the child, especially where she has designedly avoided the jurisdiction of the court. We are of the opinion, therefore, that the court arrived at a correct conclusion, even though permission of this court was not necessary to a modification of the modified order.

"The question before us is not whether the lower court arrived at a correct conclusion by an incorrect process of reasoning, but whether, considering all the evidence, its decision was the proper one to be entered. . . ." *Kane v. Dawson*, 52 Wash. 411, 100 Pac. 837.

The order appealed from is therefore affirmed.

ELLIS, C. J., CHADWICK, and HOLCOMB, JJ., concur.