[No. 15421.   Department Two.   December 17, 1919.]

*In the Matter of the Application of* HARRY GROVES
*for a Writ of Habeas Corpus.*

HARRY GROVES, *Appellant*, v. MARY E. BARTO *et al.,*
*Respondents.*[1]

DIVORCE (110–113)—FOREIGN DIVORCES—CONCLUSIVENESS—CUSTODY
OF CHILD—MODIFICATION.   Where a divorce was granted in another
state awarding custody of a child to the mother, who acquired a
domicile in this state, and the father acquiesced therein, the courts
of this state may determine the custody of the child as its welfare
may demand in case of changed conditions; and an ex parte modi-
fication of the original decree awarding the custody to the father
is not binding upon our courts, under the "full faith and credit"
clause of the Federal constitution.

SAME (104)—CUSTODY OF CHILD—MODIFICATION OF DECREE.   Modi-
fication of a decree of divorce to change the custody of a five-year
old child from its mother to the father on the ground of unfitness
of the mother is properly denied where nothing was shown against
her not known at the time of the decree, she had since remarried
and has a fit home and is financially able to provide for all its
wants.

Appeal from a judgment of the superior court for
Whatcom county, Pemberton, J., entered February 3,
1919, upon findings in favor of the defendant, award-
ing the custody of a child, upon a hearing upon appli-
cation for habeas corpus.   Affirmed.

*C. A. Swartz,* for appellant.
*Fred W. Neal,* for respondents.

TOLMAN, J.— The appellant, some time prior to
December 21, 1917, brought suit for divorce in the
county court of Teller county, Colorado, from his wife,
Lena B. Groves, who appeared in that action and filed
an answer and cross-complaint.   After a hearing or
hearings had been had, the defendant therein appeared

[1]Reported in 186 Pac. 300.

in court with her attorney, and in the absence of the plaintiff and his attorney, procured the entry of a decree upon her cross-complaint in her favor, which awarded the custody of the child of the parties to Mary E. Barto, the mother of the defendant, then and now residing in Bellingham, in this state, until the further order of the court. The husband soon learned of the entry of the decree, paid the alimony by it awarded, and knew of the wife's intention to bring the child to Washington for the purpose of placing it in the care of Mrs. Barto, and assisted in that purpose by advancing money for traveling expenses. The decree became final under the Colorado law on June 21, 1918, and thereafter, in December, 1918, after the child and its mother were domiciled in this state, the appellant sought and obtained a modification of the decree in the court where it was entered, by the terms of which the custody of the child was awarded to him. Some notice of this application for modification was served upon the respondents in this state, but neither of them made any appearance in response thereto.

After the child had been in this state about a year, and after the modification of the decree of the Colorado court, as above mentioned, the appellant, armed with such modified decree, came to Washington, personally called upon Mrs. Barto, and demanded possession of the child. The demand being refused, he made application to the trial court for a writ of habeas corpus to secure such possession. Mrs. Barto made answer and return to the writ, and the child's mother, Lena B. Groves (now Lena B. Ridge) appeared, was made a party and defended, without objection. From a decree awarding the child to the mother, this appeal is prosecuted.

It is contended here that, under the rules of comity existing between the courts of the several states, and

the full faith and credit clause of the Federal consti-
tution, the trial court was bound by the modified decree
of the Colorado court; and that, in any event, under
the evidence introduced, the custody of the child should
have been awarded to the father. Cases are not want-
ing which hold that a decree of divorce awarding the
custody of a child or children is not only *res judicata*
in the state where entered, but elsewhere, so far as
the parties to the original action are concerned, but
this rule is not applicable here, because the modifica-
tion of the decree was based upon substituted service
without the state, made after both the mother and
child had become domiciled in Washington. The
weight of authority is to the effect that, when the
child has become domiciled in another state, the courts
of the place of domicile may, at the least, determine
the custody of such child as its welfare may demand,
in all cases where there are shown changes of condi-
tions arising subsequent to the entry of the original
decree. *In re Alderman,* 157 N. C. 507, 73 S. E. 126, 39
L. R. A. (N. S.) 988; *Mylius v. Cargill,* 19 N. M. 278,
142 Pac. 918, Ann. Cas. 1916B 941, L. R. A. 1915B 154;
Nelson, Divorce and Separation, § 980; 9 R. C. L., § 293.

So here, while appellant claims that the original de-
cree was entered in his absence, and contrary to an
understanding that the wife should have a divorce
while he should be given the custody of the child
(which understanding is denied), yet he had knowl-
edge of the decree before the child and its mother
had left the jurisdiction of the court, and if he or the
court had been imposed upon, it would seem that it
was then his duty to ask that the decree be modified;
yet he did nothing looking towards such a modifica-
tion, permitted and assisted in the child's removal
from Colorado and acquiesced for nearly a year, and
when he made his application for modification, the in-

terested parties were beyond the jurisdiction of the
Colorado court, and the showing upon which the mod-
ification was made was an *ex parte* one, of which we
have no knowledge, and it should not be binding upon
the courts of this state, where the child was domiciled
at the time it was made. *Seeley v. Seeley,* 30 App. D.
C. 191, 12 Ann. Cas. 1058; *Milner v. Gatlin,* 139 Ga.
109, 76 S. E. 860.

In any event, a change of conditions is set up in Mrs.
Barto's return to the writ which was sufficient to jus-
tify the trial court in hearing the case on its merits.
Going, then, to the merits, we find no little difficulty
in determining what are the facts. Everything tes-
tified to on the one side is squarely denied upon the
other. Appellant attempted to show that both the
mother and Mrs. Barto are unfit to have the child. As
to the latter, the testimony is not sufficient to warrant
any attention, while as to the former, the evidence is
confined almost wholly to matters which occurred and
were within the knowledge of appellant at and before
the time the original decree was entered, and should
have been proven, if susceptible of proof, while the
Colorado court had jurisdiction of the person of the
defendant in that action. The original Colorado de-
cree being silent on all such matters, we are not now
disposed to inquire into the conduct of the mother
before the entry of that decree. It does appear that
the mother has remarried since coming to Washington,
has now a fit and comfortable home for the child and
is financially able to provide for her wants; and the
trial court, who heard and saw the witnesses, was of
the opinion that, considering the tender age of the
child, now about five years old, its welfare would be
best subserved by awarding it to the mother for the
time being, and that, if the mother's home and in-
fluence should later prove to be what the father feared,

the way would be open under the laws of this state for a subsequent inquiry.

Finding no error, the judgment is affirmed.

HOLCOMB, C. J., BRIDGES, MOUNT, and FULLERTON, JJ., concur.