[No. 20594. Department Two. August 9, 1927.]

EDWARD MOTICHKA, *Appellant,* v. LOUISE J. ROLLANDS, *Respondent.*[1]

[1] DIVORCE (110)—FOREIGN DIVORCE—CUSTODY OF CHILD—CONCLUSIVENESS OF DECREE. Full faith and credit must be accorded by the courts of this state to a decree of divorce of a sister state awarding the custody of an infant child to one of the parties, where the child was domiciled in such state and never acquired a residence in this state, simply temporarily sojourning here, where she was sent to spend a part of her school vacation in the custody of her other parent, in compliance with the terms of the decree of divorce.

[2] HABEAS CORPUS (4)—PROCEEDINGS REVIEWABLE—CUSTODY UNDER DIVORCE DECREE. In habeas corpus proceedings which were in effect but a controversy over the rightful permanent custody of the child, under a divorce decree, effect should be given to the decree.

Appeal from a judgment of the superior court for Chelan county, Parr, J., entered March 4, 1927, upon findings in favor of the defendant, awarding custody of a child, upon a hearing upon application for habeas corpus. Reversed.

*C. F. Wallace,* for appellant.

*C. B. Conner,* for respondent.

¹Reported in 258 Pac. 333.

PARKER, J.—This is a habeas corpus proceeding commenced in the superior court for Chelan county, wherein the petitioner, Edward Motichka, seeks recovery from Louise J. Rollands, his former wife, of their minor child, Eva Irene, who had been awarded to him by the decree of divorce dissolving their marriage relation, rendered by the district court of Montana, for Flathead county. A hearing in the superior court for Chelan county resulted in denial of the relief prayed for by petitioner and the awarding of the minor child in question to the custody of its mother, Mrs. Rollands. From this disposition of the case, the petitioner, Edward Motichka, has appealed to this court.

There is no dispute over what we conceive to be the controlling facts of this case, particularly in so far as the courts of this state are lawfully permitted to make inquiry with reference to the lawful custody of the child in question. They may be summarized as follows: On January 16, 1925, there was rendered by the district court for Flathead county, Montana, a decree of divorce dissolving the marriage relation existing between these parties, reading as follows:

"This cause coming on regularly to be heard this 16th day of January, A. D. 1925, before the court sitting without a jury, Messrs. Logan & Child appearing for and on behalf of the plaintiff and T. H. MacDonald, Esquire, appearing for and on behalf of the defendant, the court, after hearing the testimony offered and being fully advised as to the law and the facts, finds,

"That for more than one year next preceding the commencement of this action, the above named plaintiff was, ever since has been and now is a bona fide resident of the state of Montana.

"That on the 26th day of May, 1913, plaintiff and defendant were intermarried at Kalispell, Montana, and ever since have been and now are husband and wife. That the fruit of said marriage consists of two

children Luella Josephine, a daughter, age eight years, and Eva Irene, a daughter, age four years.

"That, commencing at a time about four weeks after the marriage of plaintiff and defendant, as aforesaid, and extending up to the time of the filing of the complaint herein, the defendant has been guilty of extreme cruelty to the plaintiff in and by the infliction of grievious mental suffering upon the plaintiff by the defendant by a course of conduct toward and treatment of the plaintiff by the said defendant, existing and persisted in for a period of more than one year before the commencement of this action, which justly and reasonably is of such a nature and character as to destroy the peace of mind and happiness of the plaintiff and entirely to defeat the proper and legitimate objects of marriage and to render the continuance of the married relation between them perpetually unreasonable and intolerable to the plaintiff.

"The court further finds that the sum of fifteen dollars per month is a reasonable sum to be allowed to the plaintiff for the care of the minor child hereinafter awarded to her custody.

"Wherefore, by reason of the law and the facts, it is hereby ordered, adjudged and decreed that the bonds of matrimony heretofore and now existing between plaintiff and defendant be dissolved and that the parties and each of them be freed and released from the obligations of the same.

"It is further ordered, adjudged and decreed, that the custody of the infant child, Luella Josephine, shall be and is hereby awarded to the plaintiff and that the custody of the infant child Eva Irene shall be and is hereby awarded to the defendant.

"It is further ordered, adjudged and decreed that, on each and every Friday evening, the defendant may take the infant child Luella Josephine and keep her until the Saturday evening following, and that on every Saturday evening the plaintiff may take the infant child Eva Irene and keep her until the following Sunday evening, during school terms. That, during vacations, the plaintiff shall have the custody of both children one-half the time and the defendant shall

have the custody of both children one-half the time. That the defendant pay to the plaintiff on the 1st day of each and every month, commencing on the 1st day of February, 1925, the sum of $15.00 for the care of said infant child Luella Josephine.

"Done in open court this 16th day of January, A. D. 1925.          C. W. Pomeroy, Judge."

Both parties were *bona fide* residents of Flathead county, Montana, from the time of their marriage until after the rendering of that decree of divorce. Appellant, Edward Motichka, has been, at all times since then, a resident of that county in Montana. Since the rendering of the divorce decree, appellant has at all times complied fully with its terms and spirit. Sometime after the rendering of the divorce decree, respondent, Mrs. Motichka, now Mrs. Rollands, moved to the state of Washington with the child, Luella Josephine, which had been awarded to her by the decree of the Montana court, and thereafter was married to Walter Rollands with whom she and that child resided at Leavenworth, in Chelan county, in this state. In May, 1926, appellant, having had the custody of Eva Irene since the rendering of the decree of divorce, permitted the mother of respondent to send to her Eva Irene for the purpose of, in good faith, complying with the divorce decree; that is, to the end that respondent might have Eva Irene with her during the summer vacation months. In the early fall of 1926, shortly prior to the close of the school vacation period, appellant, both by letter and telegram, asked respondent to return Eva Irene to him in Montana. These requests were ignored by respondent. Thereupon he came to Leavenworth and personally requested custody of the child from respondent, in order that he might take it back to his home in Montana, which re-

quest was by her refused. Thereupon appellant promptly commenced this proceeding.

[1, 2]    The trial court denied appellant's prayer for relief and awarded Eva Irene to respondent, manifestly upon the theory that there had been such changed conditions of the parties affecting Eva Irene's welfare that called for the placing of her in the custody of respondent and taking her from the custody of appellant; the trial judge being of the opinion that the Montana decree of divorce was no longer of any binding force, because of such changed conditions and because of the physical presence of the child within the territorial jurisdiction of the trial court. It is apparent that Eva Irene was not sent to respondent at Leavenworth in this state with a view of becoming a resident of, or becoming domiciled in, this state; that is, it is apparent that appellant never had any such intention and never evidenced to respondent or her mother, or anyone else, any such intention. It is also apparent that Eva Irene never had a residence or domicile in this state or in any other state than Montana. The child was but temporarily sojourning in this state.

We read in section 1, Article 4, of the Constitution of the United States, that:

"Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state."

It seems to us that the trial court has erroneously ruled, or in any event erroneously assumed, that this constitutional mandate is of no controlling force in this case, because Eva Irene is physically within the territorial jurisdiction of that court; and that, therefore, the divorce decree of the Montana court awarding her custody to appellant may be ignored here, up-

on showing of change of conditions since the rendering of the Montana decree of divorce.

It may be assumed that the general sovereign guardianship of the state is such that it extends over the persons of all minors residing or domiciled within its borders, even to the extent of not being bound by a judgment of a sister state rendered with reference to the personal guardianship of a minor while a resident and domiciled in such sister state. It may also be assumed that the general sovereign guardianship of the state is such that it extends to the temporary protection of all non-resident minors, while temporarily in the state. But no decision has come to our notice holding or suggesting that the courts of one state may permanently assume general guardianship over a minor temporarily sojourning in the state, who is a resident of, or has its domicile in, another state. While this is a habeas corpus proceeding in form, it is, in substance, but a controversy between these parties over the rightful custody of Eva Irene; and the judgment rendered in this case is, in substance, an awarding of her to respondent and in effect permanently depriving appellant of the custody of the child and of his right to take the child back to Montana the place of his and its residence and domicile. It seems to us that, under the circumstances here shown, the decree of the Montana court awarding Eva Irene to appellant must be given full faith and credit and recognized as a final adjudication on that question, until modified by that court, or until Eva Irene ceases to have her residence and domicile in the state of Montana.

Much is said in the brief of counsel for respondent touching the present welfare of the child, in the light of what is claimed to be changed conditions of the parties and of the child since the rendering of the Montana di-

vorce decree. Were it necessary to go into that particular phase of the controversy, much apparently well grounded argument could be advanced both for and against the desirability of change of the custody of Eva Irene; but that, we think, is foreign to our proper inquiry here to be made, in view of the fact that Eva Irene is not, and never was, a resident of or domiciled in the state of Washington, but has always, since her birth, been a resident of and domiciled in the state of Montana. Observations made in our decisions in *In re Groves,* 109 Wash. 112, 186 Pac. 300, and *McClain v. McClain,* 115 Wash. 237, 197 Pac. 5, 202 Pac. 173, are in harmony with this view, though the question was there somewhat differently presented. See, also, 12 R. C. L. 1114; 28 C. J. 1168-1169.

We conclude that the judgment of the trial court must be reversed, with directions to that court to enter its judgment awarding the custody of Eva Irene to appellant, her father, to the end that he may take her to his and her home in Montana, where the question of her custody may be further considered and determined, if petitioned for, by the courts of that state, the state of her residence and domicile. It is so ordered.

HOLCOMB, MAIN, MITCHELL, and FRENCH, JJ., concur.