[No. 21036. Department Two. December 20, 1928.]

*In the Matter of the Guardianship of* SHIRL DANIEL HAEGELE *et al., Minors.*

EXCHANGE NATIONAL BANK OF SPOKANE *et al., Respondents,* v. BARBARA J. JUMER, *Appellant.*[1]

*W. B. Mitchell,* for appellant.
*Del Cary Smith,* for respondents.

[1]Reported in 272 Pac. 978.

HOLCOMB, J.—On March 5, 1920, in the superior court for Spokane county, appellant was granted letters of guardianship of the persons and estates of Shirl Daniel Haegele and Georgia June Haegele, minors. Spokane was the home of the minors, and for two years before appellant was appointed their guardian she had them in her care and custody, both the parents being dead.

The order appointing her as guardian recites that due notice had been given; that she was the person having their custody for two years last past; and that the prosecuting attorney was present in person.

The alleged estate of the minors consisted of a funeral benefit, a small amount of rental money from land owned in British Columbia by their father and an award paid under the laws of Idaho by the Maryland Casualty Company of Spokane, surety of the mining company by whom the deceased father of the minors had been employed; also an undivided interest in certain real estate in Spokane. An award had been made, under the laws of Idaho, by the industrial accident board of that state, of twelve dollars per week, for the upkeep, care, support and maintenance of the minors as long as they remained dependents, which appellant as guardian of the minors thereafter collected and received as such guardian.

She opened an account with the Spokane Savings & Loan Society in her name, as guardian of the estates of the minors, respectively, and collected the twelve dollars award made by the Idaho industrial accident board until May 6, 1927, the amounts so received and collected by her amounting to approximately four thousand five hundred sixty-four dollars.

On April 16, 1927, Del Cary Smith, who had been acting as attorney for the guardian, having been informed that she had given away or loaned, without the

knowledge of the court and without any order therefor, over two thousand one hundred dollars of the funds of the minors, filed a petition informing the court of that fact, upon which a citation was issued requiring appellant to appear and answer.

On April 25, 1927, George M. Haegele, a son of appellant, was appointed guardian *ad litem* for the minors in the pending proceeding, and upon his motion and affidavit an order and citation was issued, requiring appellant to appear on April 30, 1927, and to then produce a correct report in writing of all disbursements made by her, with receipts and vouchers attached.

Appellant answered the petition and citation, and a trial was had before the judge, without a jury, in the guardianship matter, at which appellant appeared and testified. As a witness she was very alert, defiant and hostile, and freely contradicted the testimony as to statements she had previously made, both in court in a certain prosecution against one F. W. Thom, and out of court to attorneys representing the state and herself.

The court made findings that, since the appointment of appellant as guardian, she had collected twelve dollars per week for seven years, with a small addition from other sources, approximating four thousand five hundred sixty-four dollars; that the money so collected was deposited in her name, as guardian of the minors, in the Spokane Savings & Loan Society, less a certain amount deducted monthly for the living expenses and care of the children; that she had never filed a report since her appointment, and that she did, during the year 1926, loan or give away to one F. W. Thom, without the knowledge of the court and without any security whatever, over two thousand dollars of the

funds of the minors which she had deposited in the guardian's account.

The decree of the court revoked the letters of appellant as guardian of the estate, but she was continued as guardian of the persons of the minors. The Exchange National Bank was appointed guardian of the estates of the minors.

Appellant appealed only from that part of the decree removing her as guardian of the estate of the minors, and excepted from her appeal that part of the decree continuing her as guardian of their persons.

The findings of the court are overwhelmingly supported by the evidence in the record.

Appellant pleaded and put in evidence statutory provisions of the state of Idaho relating to awards for the benefit of dependent minors under the industrial accident law of that state, and offered the award of the industrial accident board of that state in evidence to show that the fund in question was at all times a fund under the control of the industrial accident board of Idaho.

The effect of the decree of the trial court, in disregarding the statutes of Idaho so pleaded and rejecting the award of the industrial accident board, is assailed as the first error relied upon for reversal, as being in violation of Art. IV, § 1 of the United States Constitution.

Appellant applied and was appointed guardian of the persons and estates of the minors in the superior court of Spokane county. From the time of her appointment and qualification, she was an officer of, and amenable to, that court. The minors were the wards of that court, and whatever jurisdiction the industrial accident board of Idaho may have had to make an award and continue it in effect, it could not follow the fund into this state and dictate its disposal by the

court which had jurisdiction of the minors and their property in Spokane county.

We have no concern with the statutes relating to, or the terms of, the award in Idaho. There is nothing in common between this case and *Motichka v. Rollands,* 144 Wash. 565, 258 Pac. 333. Here the wards were and are permanent residents of this state and of Spokane county. In that case it was pointed out that " . . . no decision has come to our notice holding or suggesting that the courts of one state may permanently assume general guardianship over a minor temporarily sojourning in the state, who is a resident of, or has its domicile in, another state."

That quotation suggests the nature of that case.

Although appellant may also be responsible to the industrial accident board of Idaho, which we do not decide, she certainly is responsible to the court having jurisdiction over her and the property of her wards, and can be compelled to account thereto for all funds belonging to the wards.

The next error claimed is that the trial court erred in finding that appellant was not entitled to any compensation for the upkeep, care, support and maintenance of the minors during the period from May 6, 1920, to May 6, 1927.

What the trial court did find, with ample evidence to sustain it, was that appellant had deducted a certain amount monthly, for the living expenses and care of the wards, out of the moneys received by her before the remainder thereof was deposited in a banking institution, and that she had made no claim for compensation for the care of the minors until her right to continue as guardian had been challenged in this proceeding. The court also found that appellant had so mismanaged the funds of the wards that she should be removed as guardian.

From the foregoing findings, the court found, or concluded, that inasmuch as appellant had also given or loaned to F. W. Thom a large sum of money belonging to the estate of the minors, without security and without permission of the court, she was estopped from claiming board, lodging and other expenses, except certain items amounting to three hundred thirty-eight dollars and thirty cents allowed by the court, to be deducted from the two thousand one hundred four dollars given or loaned to Thom. Actually, therefore, the court allowed to appellant all that she had ever claimed for herself until she was brought to account for the fund belonging to the wards dissipated by her as found by the court.

There was no error in that finding.

Neither was there error in the finding of the court that the money in the Spokane Savings & Loan Society was money belonging to the wards and that appellant had withdrawn and dissipated those funds. The finding is amply sustained by the evidence.

It is next contended that there was error in decreeing that appellant is indebted to the estate of the wards in the sum of one thousand nine hundred thirty dollars, or any sum whatsoever.

Inasmuch as appellant was an officer of the court, the minors were wards of the court and appellant had dissipated the sum so stated belonging to the wards, as shown by the evidence and the findings, the decree was manifestly proper. No other decree should have been entered.

The last claim of error is that the court erred in entering the order purporting to appoint the Exchange National Bank of Spokane as guardian of the estate of the minors, when in fact that estate did not exist.

There is no doubt that that estate did exist. Where

it came from is immaterial, so long as the funds came into her hands. It passed into the supervision and control of the guardian appointed by the court having jurisdiction so to do.

In connection with this assignment, appellant also argues that the original appointment of herself as guardian was without jurisdiction because the superior court had not acquired jurisdiction of the minors for lack of service of the notice of petition upon them. The appointment order recited "due notice" to the minors and the appearance in that proceeding of the prosecuting attorney. This must now be accepted as conclusive on a collateral attack. Furthermore, appellant cannot both claim and disclaim. She assumed to act as guardian for seven years, and did not seek to disclaim until she was called to account.

The decree is manifestly right and is affirmed.

MAIN and BEALS, JJ., concur.

FULLERTON, C. J., dissents.