[No. 22845. Department Two. March 27, 1931.]

*In the Matter of the Petition of* HENRY H. PENNER *for a Writ of Habeas Corpus.*[1]

*H. E. Gorman,* for appellant.
*Marion Garland,* for respondent.

BEALS, J.—Henry H. Penner and Sara Penner, who, prior to November, 1925, had for some years been husband and wife, were, on the nineteenth day of that month, divorced by a decree entered in the district court for Flathead county, Montana, the decree having been entered in an action instituted by Sara Penner. The parties have three sons: Wesley and Irvin, twins, now eleven years old; and Elroy, now eight years of age. The decree entered by the Montana court provided that Sara Penner should have the care and cus-

[1]Reported in 297 Pac. 757.

tody of Elroy, except during the month of July of each year, when Elroy should visit his father, and that Henry Penner should have the care and custody of Wesley and Irvin, except during the month of August of each year, when they should visit their mother.

Within a few months after the entry of the decree of divorce, Sara Penner filed in the Montana court her petition praying that the decree be modified by awarding to her the sole care and custody of all three children. This petition came on regularly to be heard July 7, 1926, the court at that time making an order which was entered upon the minutes, though not embodied in a formal, signed writing, continuing the proceeding,

" . . . to be set at the convenience of the court, both parties by their counsel consents to this order, and until such matter is disposed of the children shall not be removed beyond the confines of Flathead county."

Under the unmodified decree of divorce, Mrs. Penner secured custody of all three of her children on or about the first of August, 1926, and, on the third day of that month, left the city of Kalispell, where she had been residing, and with the children departed from the jurisdiction of the Montana court, going to the town of Waldheim, Canada, where she remained for a while with her parents. After a visit in Waldheim, Mrs. Penner came with her three children to the state of Washington, and settled in Kitsap county.

She did not inform Mr. Penner of her whereabouts, but concealed herself from him, and it was not until September, 1929, that Mr. Penner discovered where his children were residing. He then came to this state and demanded custody of his older sons, which was refused him, whereupon he petitioned the superior court for Kitsap county for a writ of habeas corpus

for the purpose of procuring the custody of these children. After a hearing, the trial court denied the prayer of Mr. Penner's petition and dismissed the proceeding, from which order he appeals to this court.

The issues were regularly made up upon Mr. Penner's petition and Mrs. Penner's answer thereto, the trial court heard all the testimony offered by either party as to the merits of the controversy, and determined the question after a full hearing. Appellant contends that the trial court erred in hearing testimony on the merits, and in refusing to recognize the decree of the Montana court as controlling. Other errors are assigned, based upon exceptions preserved by appellant to the findings of fact and conclusions of law entered, as well as upon the entry of the order dismissing the proceeding.

We are satisfied that the trial court did not err in considering the question on the merits and in hearing all relevant and material testimony offered by either party. Under the allegations of the pleadings, the court was not bound by the decree of the Montana court as *res judicata,* but could properly hear the testimony offered, and decide the case upon the merits, or upon the legal questions presented, after a full hearing. In such a case as this, the welfare of the children is the chief consideration, and in view of the length of time which had elapsed since the entry of the Montana decree, the court was justified in hearing testimony on the merits for the purpose of ascertaining whether or not any change had taken place in the circumstances which would require of a court of this state, to promote the best interests of the children, the entry of an order different from that entered by the Montana court.

In the case of *McClain v. McClain,* 115 Wash.

237, 197 Pac. 5, 202 Pac. 173, this court, sitting *En Banc,* considered a situation very similar to that here presented. In that case the court painstakingly inquired into the circumstances, and reiterated the oft repeated statement that the welfare of the child was the paramount consideration. With this principle we are in hearty accord, but, recognizing this doctrine to the fullest measure, it is not proper to assume that the courts of this state are preeminently qualified to determine the order which will best promote the welfare of the child or children whose particular case is being considered. The courts of other states are guided by this same principle in determining questions involving the custody of minors, and such courts are as well qualified to decide such questions as are the courts of this state.

The parties to this proceeding were, for some time prior to 1925, residents of the state of Montana. Respondent Sara Penner invoked the jurisdiction of the district court of that state for the purpose of procuring from appellant a decree of divorce, such a decree being granted to her after what was evidently a full and complete hearing. By its decree, the court determined the custody of the minor children of the parties, who were, to a great extent, the unfortunate and innocent victims of a most distressing situation. Later, respondent, being dissatisfied with the decree, in so far as the same determined the custody of her children, applied to the court which entered the same to modify its decree and award her the sole care and custody of her three sons. The court entered upon a hearing on respondent's application for a modification of the decree, and, evidently being satisfied that the time was not ripe for a decision upon the matter, continued the hearing, to be resumed at the convenience of the court.

Respondent, evidently being dissatisfied with this ruling, in an endeavor to herself decide the matter in her own favor, departed with her three children from the jurisdiction of the court, and, in the course of time, came with them to this state. We are satisfied from an examination of the record that respondent deliberately concealed her whereabouts from appellant, and was evidently aware of the fact that she was doing something which she had no right to do, and that, if appellant discovered where she was residing, he would have the right to institute proceedings which might result in the return of her two older sons to the jurisdiction of the Montana court.

In the opinion in the case of *McClain v. McClain, supra,* we denounced as heartless and cruel the conduct of a father who surreptitiously removed his child from the jurisdiction of a court of the state of Texas, which had awarded the custody of the child to the father and the mother during alternate months. It must be admitted that the conduct of a mother who surreptitiously removes her children from the vicinity of the father may be as heartless and cruel as the act of a father under similar circumstances.

We find nothing in the record before us which indicates that the Montana court was in any wise failing in its duty to investigate the situation thoroughly for the purpose of entering such an order as would result in the greatest good to the children; on the contrary, we are satisfied from the record that the court was doing its utmost to accomplish the best possible result.

As above stated, the trial court in this proceeding was correct in inquiring fully into all relevant matters, but, respondent having failed to show, concerning the proceedings in Montana, anything more than the fact that she disagreed with the conclusion reached by the judge, and that she placed her judgment and her

wishes above the expressed decision of that court, we are of the opinion that the two older boys should be delivered to the custody of the father, to be by him returned to the jurisdiction of the Montana court, before which respondent may present any evidence which she can produce for the purpose of enabling that court to enter such order as will best conserve the welfare of the boys.

This court, in the recent case of *Motichka v. Rollands*, 144 Wash. 565, 258 Pac. 333, held that a minor child sent into this state, in compliance with a decree of divorce entered by a Montana court, for the purpose of visiting her mother, who, under the decree, was entitled to the custody of the child during the vacation months, did not become domiciled within this state, and that the mere fact that the child was physically within the territorial jurisdiction of our superior court did not give that court jurisdiction to entertain a petition for modification of the Montana decree, and that such decree should be given full faith and credit, and the child returned to the custody of her father. In view of the much greater period of time that the children of the parties now before the court were physically present within this state, and in consideration of all the facts here shown, we hold that in the case at bar the superior court was justified in hearing the evidence and inquiring fully into the circumstances; but under the testimony which was introduced, we find no reason for entering any different order than that which was embodied by the Montana court in the divorce decree.

It is undoubtedly true that respondent has cared for her children to the very best of her ability, that she loves them devotedly, and honestly believes that it is for their best interests that they remain with her. Her neighbors cheerfully testified on her behalf, and it

clearly appears that she has won their respect and affection by her industry, her uniform good conduct, and her devotion to her sons. The Montana court, however, had the great advantage of hearing the testimony of persons who knew both parents. In this proceeding, appellant was necessarily laboring under the handicap of being compelled to present evidence on his behalf by way of depositions.

Respondent's case being based upon her wrongful act in surreptitiously removing the children from the jurisdiction of the Montana court, which conduct on her part, as far as is disclosed by the record, was entirely without excuse or justification, we hold that the trial court erred in dismissing this proceeding, and that an order should have been entered returning the two older boys to the custody of their father.

In view of the conclusion which we reach upon the merits, we find it unnecessary to determine whether or not the children of these parties ever obtained a lawful residence or domicile within this state.

We have considered, in connection with the questions here presented, our prior decisions in the cases of *Beers v. Walker,* 101 Wash. 683, 172 Pac. 861, and *In re Groves,* 109 Wash. 112, 186 Pac. 300, as well as the other authorities cited by the respective parties.

The order appealed from is reversed, with instructions to the trial court to enter an order awarding the custody of the minors, Wesley Penner and Irvin Penner, to appellant, their father, to the end that he may take his sons to his and their home in Montana, where questions relating to the future custody of the children may be further considered and determined by the courts of that state. It is so ordered.

TOLMAN, C. J., BEELER, FULLERTON, and MILLARD, JJ., concur.