## CLEGG v. ABOOD.
### No. A–6007.

District Court, Alaska. Third Division. Anchorage.
Feb. 28, 1951.

188

Dorothy D. Tyner, Anchorage, for plaintiff.

Bailey E. Bell, Anchorage, for defendant.

DIMOND, District Judge.

Plaintiff and defendant in this action were formerly husband and wife, and two children, now aged 10 and 11, are the issue of the marriage. Plaintiff alleges in substance that she and defendant were divorced in Nebraska in September 1941, and that she was granted custody of the children, provided that the children should not be removed from the jurisdiction of the Court without permission of the Court; that the Court later modified its decree, giving defendant custody of the younger child, Mary Lou Abood, nine months of the year; that plaintiff did take the children out of the jurisdiction of said Court without permission; that she has since resided out of the jurisdiction with the children and with her present husband, Lawrence Clegg; that circumstances have changed since the Court last granted custody of the children; and plaintiff requests this Alaska Court to modify the decree and give her full custody of the children. Defendant has moved to dismiss the action on the ground that the Court is without jurisdiction to give such relief.

Both parties to the action have submitted briefs. Such briefs, however, consider only one aspect of the problem. In his brief, defendant contends that the Court is without jurisdiction, since Section 51–3–3, A.C.L.A.1949, fixes the exclusive jurisdiction of controversy over children under 18 years, in the Justice's Court. Plaintiff contends that Section 51–3–3, A.C.L.A.1949, applies only in the case of neglected or delinquent children, and that equity has inherent power in a matter such as the case at bar. I believe that a reading of Chapter 3 of Title 51, Sec. 51–3–1 et seq., will sustain plaintiff's contention as to the application of the Section relied on by defendant.

 It is well established that a court of equity has inherent power and jurisdiction in all proceedings involving the custody of minor children, and in exercising that power it acts in the capacity of parens patriae. Pomeroy's .Equity Jurisprudence (5th Edition), § 1303, et seq.; Helton v. Crawley, Iowa 1950, 41 N.W.2d 60, 73. For a discussion of the doctrine and its history see Ex parte Badger, 1920, 286 Mo. 139, 226 S.W. 936, 14 A.L.R. 286. A leading case on the subject is Finlay v. Finlay, 1925, 240 N.Y. 429, 148 N.E. 624, 625, 40 A.L.R. 937. There is no Alaska statute which limits this power of a court of equity. The equity jurisdiction of this Court is not to be doubted. The grant of such jurisdiction is embraced in the Act approved June 6, 1900, 31 Stat. 322, as amended by Sec. 9, 62.Stat. 986 of the Act approved June 25, 1948, 48 U.S.C.A. § 101 in the following language: "There is established a district court for the District of Alaska, with the jurisdiction of district courts of the United States and with general jurisdiction in civil, criminal, equity, and admiralty causes; * * *."

As respects jurisdiction, it is proper to observe that a majority of the cases hold it is not necessary for the child to be *domiciled* in the state, but that *residence* or *dwelling* is sufficient. 4 Pomeroy's Equity Jurisprudence (5th Ed.) § 1306, states with respect to appointment of a guardian for a minor: "The power of necessity can only be exercised

in respect to persons or property within the territorial jurisdiction of the court,—that is, within the state or country, —but the jurisdiction does not depend on the legal *domicile* of the infant. It is sufficient to authorize the appointment of a guardian if the infant is *an actual resident* within the territorial jurisdiction of the court, \* \* \* ."

In Finlay v. Finlay, supra, a leading case on the subject of child custody, the Court states: "The jurisdiction of a state to regulate the custody of infants found within its territory does not depend upon the domicile of the parents. It has its origin in the protection that is due to the incompetent or helpless. \* \* \* For this, the residence of the child suffices, though the domicile be elsewhere."

The Court stated in Langan v. Langan, 1945, 80 U.S.App.D.C. 189, 150 F.2d 979, at page 980: "the court acts \* \* \* as parens patriae, protecting the child whose custody is in dispute and making its award, solely, according to the interests and welfare of the child. This is true, regardless of the settled or transient character of the parents' residence in the District, or even of a child abandoned by its parents."

For a discussion of the matter see Helton v. Crawley, supra, which also holds that domicile is not necessary, and residence is sufficient. To the same effect are the following: Sheehy v. Sheehy, 1936, 88 N.H. 223, 186 A. 1, 107 A. L.R. 635; Avenier v. Avenier, Tex.Civ.App.1948, 216 S. W.2d 638, 641; Hachez v. Hachez, 1938, 124 N.J.Eq. 442, 1 A.2d 845.

There is another and more difficult question to determine. Does the Alaska Court have the power to modify the judgment of the Nebraska Court as to custody under the circumstances of this case? The general rule is that a decree of divorce must be given full force and effect in other states as to the right and custody of the child at the time and under the circumstances of its rendition, but that such decree has no controlling effect in another state as to facts

and conditions arising at a later date. The court may, and generally will, in a proper proceeding, change the custody of a child upon proof of matters occurring subsequent to the date of the decree which justify the change in the interest of the child. Geary v. Geary, 102 Neb. 511, 167 N.W. 778, 20 A.L.R. 815; Wear v. Wear, 130 Kan. 205, 285 P. 606, 72 A.L.R. 441; Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1299; McMillin v. McMillin, 114 Colo. 247, 158 P.2d 444, 160 A.L.R. 400.

The fact that a parent brought the child into the jurisdiction of the Court in violation of the decree of another Court will not deprive the Court of the State where the child presently resides from determining matters of custody in cases of changed circumstances. Hachez v. Hachez, supra; Helton v. Crawley, supra, Langan v. Langan, supra; 107 A.L.R. 642. In Helton v. Crawley, supra, the Court enters into a learned and exhaustive discussion of the matter with a compilation of a number of cases on the subject.

In each of the cases listed in the above paragraph, including those in 107 A.L.R. 642, the fact situation is: one, parent, in violation of the order of the Court of one State, has removed the child to another State; the other parent has brought suit in the latter State, usually a writ of habeas corpus, to have the child returned to his possession; the Court in which such suit is brought, if there has been change of circumstances concerning the child's custody, determines which parent should have custody of the child.

The case at hand differs in that the suit is brought by the parent who has wrongfully removed the child to the State in which the suit is brought. There are very few cases in which this fact situation is involved. In State ex rel. Marthens v. Superior Court, 1946, 25 Wash.2d 125, 169 P.2d 626, 631 the mother brought her two minor children to the State of Washington in violation of the order of a court of California, thereafter bringing suit in the Washington court to

have custody of the two children awarded to her. The father made a special appearance, claiming that the court was without jurisdiction; the court denied the motion, and the father thereupon brought an action in the Supreme Court of Washington for a writ of prohibition, enjoining the superior court from acting. The Supreme Court held that the courts of the State of Washington were without jurisdiction since the mother had not alleged a change of circumstances since the date of judgment of the California court, and stated, among its reasons for so holding: "The rule is well established that courts of the asylum state where the children are residents may assume jurisdiction where there is a showing of change of conditions and circumstances arising since the entry of a decree in a sister state determining their custody. * * * Our holding is that the plaintiff mother fails to bring her complaint within the rule."

In the case here before the Court, the plaintiff has sufficiently pleaded change of circumstances arising subsequent to the time when she agreed to the modification of the divorce decree in 1945. Th overriding duty of the Court to do whatever may be done under the law for the welfare of the children is thus made manifest. Hence, there is not only a distinction but a jurisdictional gulf between the case at bar and the case in Washington last cited.

The defendant's motion to dismiss the plaintiff's complaint is denied and defendant's answer may be filed within the time prescribed by rule.