[No. 1980]

STATE OF NEVADA, EX REL. OSCAR J. SMITH AND W. E. GRIFFIN, PETITIONERS, *v.* SECOND JUDICIAL DISTRICT COURT AND THOMAS F. MORAN, DISTRICT JUDGE, RESPONDENT.

1. HABEAS CORPUS—PROHIBITION—DISMISSAL OF PROCEEDINGS.
    Though a *habeas corpus* proceeding is civil in nature, and civil actions are subject to voluntary dismissal, and petitioner for a writ of *habeas corpus* can dismiss the controversy, he cannot dismiss the proceeding without an order of the court in which the proceeding is pending in regard to their custody or bail.

ORIGINAL PROCEEDING for writ of prohibition. **Writ denied.** Temporary order vacated.

*Glynn & Smith,* for Petitioners:

A writ of *habeas corpus* issued by an appellate court operates as *supersedeas.* (15 Am. & Eng. Ency. Law, 133; Bacon's Abr., vol. 9, 283-284; *Osborn* v. *Davis,* 60 Kan. 695; 9 Ency. Pl. & Pr. 1029-30.)

The question of supervisory control has been elaborately discussed in the notes to 51 L. R. A. 33 and 20 L. R. A., N. S. 942; from which it appears that many of the states have constitutional or statutory provisions for the exercise of this authority of supreme over inferior tribunals, while in other states no such direct authority exists, but the authority has been exercised, or held to be inherent, in all of them where the question has fairly arisen.

The authority was inherent in the Court of King's Bench and comes to us with and from the common law.

A plaintiff in a legal proceeding is entitled to control the disposition of his cause where he acts reasonably and

upon payment of costs.   (6 Ency. Pl. & Pr. 833; Rev. Laws, 5237.)

Under a statute identical with our own, the Supreme Court of Idaho, in *Boyd* v. *Steele*, 6 Idaho, 633, 59 Pac. 21, says: "The plaintiff in such a case is entitled to a dismissal upon payment of costs and filing his dismissal with the clerk." (*Pugsley* v. *C. R. I. & P. Ry. Co.*, 77 Pac. 579; *Miller* v. *Northern Pacific Ry. Co.*, 76 Pac. 692.)

*A habeas corpus* proceeding is an action.   This subject is ably discussed in the case of *State, ex rel. Newell*, v. *Newell*, (Mont.) 34 Pac. 28, 29, citing *Weston* v. *City Council*, 2 Pet. 449; *Cohens* v. *Virginia*, 6 Wheat. 264; *Holmes* v. *Jennison*, 14 Pet. 540.

The whole question of *habeas corpus*, the origin and history of the writ, and the scope of the inquiry, is ably discussed in the following cases: *Simmons* v. *Georgia Iron and Coal Co.*, (Ga.) 43 S. E. 780; *In re Patzwald*, (Okl.) 50 Pac. 139.

The interest of the state in the *habeas corpus* proceedings in the district court was to have the petitioners, Smith and Griffin, remanded to the custody of the sheriff of Eureka County.   By dismissing their petitions the petitioners remanded themselves to the sheriff, and the state has no cause of complaint.   It matters not to the state whether petitioners remanded themselves or were remanded by order of the district court.   All that the state demanded, or could demand, was accomplished by the dismissals of the *habeas corpus* petition in the district court.

*Cleveland H. Baker*, Attorney-General, *Thomas J. McParlin*, District Attorney of Eureka County, *Lewers & Henderson*, and *Mack, Green, Brown & Heer*, for Respondent.

*Per Curiam:*

The petitioners were arrested in Washoe County by the sheriff of Eureka County, under warrants from the justice of the peace at Eureka, charging the commission of

felonies in Eureka County. They applied to District
Judge Moran, Washoe County, for writs of *habeas corpus*,
and by him were admitted to bail pending the determina-
tion of their applications. Later, and before any final
decision had been rendered by the district judge, they
filed with the clerk of the district court purported dis-
missals of their petitions for writs of *habeas corpus*, and
under an order of their bail for their arrest surrendered
themselves to the bailiff of the supreme court and
applied for writs of *habeas corpus* before this tribunal,
obtained here an alternative order temporarily restrain-
ing the district court from deciding the cases brought
before it and sought or claimed to be dismissed, which
order they have asked to have made permanent.

The questions involved in the applications for writs of
*habeas corpus* before the district judge, and additional
questions, were involved in the applications for writs of
*habeas corpus* in this court, and these questions we have
determined in an opinion filed this day in the Eureka
County Bank *habeas corpus* cases, on the applications of
these petitioners and others, and in which cases we have
ordered the petitioners discharged.

For the petitioners in this proceeding, it is claimed that
the purported dismissals filed by them in the district
court on their arrest and detention by the bailiff of the
supreme court under the order of their bail operated to
place them under arrest by virtue of the original arrest
made in Washoe County by the sheriff of Eureka County
under the warrants issued by the justice of the peace.
It is contended that by filing the dismissals the cases
before respondent were in fact dismissed, and that he
was thereby deprived of jurisdiction to decide them,
because a *habeas corpus* proceeding is similar to or is
in effect a civil proceeding, and the statute in regard to
civil practice provides for the dismissal of a case by the
plaintiff at any time before a counterclaim is filed.

Although *habeas corpus* proceedings, except matters
relating to penalties, which are treated as being of a
criminal nature, are often classed as being in the nature

of civil actions instead of criminal actions, and although it may be conceded that courts will not hear or determine a matter which is not really in controversy between the parties, and if it be conceded that petitioners could effectually dismiss the *habeas corpus* proceedings before the respondent, in so far as any controversy was concerned regarding the right of their discharge under the writs, it would still be necessary for some action to be taken, further than the filing of the dismissals by them.

If they had remained in custody pending the hearing and decision of the writs of *habeas corpus* before the respondent had filed dismissals, it might be considered that there would be nothing left to determine, and it could better be claimed that by filing the dismissals they had actually dismissed the writs or proceedings; for they would be in custody and in the same position they were before the writs were issued. But, as they were released by the respondent pending the hearing and determination of the writs, and the bond requiring them to abide the further order of the court, it would seem to be necessary for them either to surrender themselves into the custody of the officer in whose charge they were at the time the writs of *habeas corpus* were first issued by the respondent, or show that they had been taken into custody by some other officer, in such a way as would avoid the necessity for such surrender, so that the respondent could make the proper order relating to their custody and the exoneration of their bail.

They could not by merely filing dismissals take advantage of the release from custody which they had obtained by the order of the district court admitting them to bail until the further order of the court, without giving the court an opportunity to determine whether they were entitled to have the cases dismissed, and to make a further order in regard to their custody or bail, notwithstanding they could dismiss as to or withdraw the proceeding, so far as it related to the controversy which they had raised in reference to the right of the officer to hold them under the warrants.

It is said that this court has a superintending control over the district courts, under which it may direct the action of the district court, and that under *Ex Parte Pettit*, 84 Kan. 637, 114 Pac. 1071, decided last year in Kansas, and under other cases, "the grant of original jurisdiction to the supreme court in *quo waranto, mandamus,* and *habeas corpus* comprehends and carries with it authority to exercise superintending control over inferior courts to the extent that it may be exerted by those writs and proceedings."

We do not deem it necessary to determine, at least at this time, whether this court will exercise such a superintending control; for, under our conclusion that the petitioners could only dismiss the controversy before the district court, and could not dismiss themselves without surrendering themselves to custody, or making a showing before the district court which would relieve them from the necessity of making such surrender, and thereupon obtaining an order of dismissal by the district court, the district court was not in error in concluding that the proceedidgs had not been dismissed. A number of cases regarding superintending control are considered and annotated in *State, ex rel. McGovern, v. Williams,* 136 Wis. 1, 116 N. W. 225, 20 L. R. A. (N. S.) 942–955.

The petitioners are at liberty to apply to the district court for an order for their discharge and for an exoneration of their bail, on the ground that the questions involved in the writs before the district court have been finally determined by this court favorably to the petitioners; and if such discharge is not considered favorably or granted them by the district court they may again petition this court and present for determination the question they have raised as to whether this court will exercise superintending control over the action or order of the district court in a *habeas corpus* proceeding.

We have often refused to issue writs commanding action by the district court until after the controlling questions have been presented and an opportunity given to the district court to pass upon them.

Petition for the writ is denied, and the temporary restraining order is vacated.