No. 34,234

J. R. MAYALL, Trustee, *Plaintiff*, v. AMERICAN WELL WORKS COMPANY et al., *Defendants* (W. J. BLAINE and BERNARD PETERSON, *Appellants;* D. F. CUTMYER, *Appellee*).

(89 P. 2d 846)

Opinion filed May 6, 1939.

*Richard A. Hickey,* of Wichita, for the appellants.

*W. D. Jochems, Francis Prosser,* both of Wichita, *Ira C. Snyder, Roy A. Lathrop,* both of Manhattan, *Edward E. Pedroja,* of Eureka, and *Ed Rooney,* of Topeka, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal from an order overruling a motion which appellants have chosen to designate "a motion for rehearing and a new trial." The so-called "rehearing or new trial" was sought with respect to a ruling on a former motion. Appellee, D. F. Cutmyer, insists the attempted appeal must be dismissed.

On December 31, 1934, judgment was rendered in this cause by the trial court in favor of plaintiff and against 109 parties named as defendants.

On March 23, 1938, D. F. Cutmyer, one of the defendants named in the action, against whom a judgment had been rendered, filed a motion to vacate the judgment against him on the ground that it was void because the court had no jurisdiction over his person, or to make and enter the judgment against him.

On May 31, 1938, this motion was considered by the court and

sustained, the court specifically finding that it lacked jurisdiction to render the judgment against Cutmyer, and specifically ordered and decreed it to be vacated, set aside, and held for naught.

On June 2, 1938, the appellant Blaine, a party having an interest in the action adverse to Cutmyer, filed a motion "for a rehearing and new trial" on the grounds, *first*, that the court was guilty of an abuse of discretion in certain designated respects; *second*, that the court was guilty of erroneous rulings and instructions in certain respects; *third*, that the court was under the influence of passion and prejudice; and, *fourth*, that the order vacating the judgment was erroneous in that no evidence was introduced, but was on the basis solely of the court's jurisdiction over Cutmyer. On the same day the appellant Peterson filed a similar motion.

On September 17, 1938, these motions of appellants were considered and overruled.

On November 17, 1938, the appellants served and filed their notice of appeal from the order of the court of September 17, 1938.

As previously stated, the appellee, Cutmyer, contends the attempted appeal should be dismissed. The point is well taken. There is no appeal from the order and decree of the court of May 31, 1938. That was a ruling upon a motion to vacate the judgment on the ground it was void. Our statute (G. S. 1935, 60-3001) does not authorize a motion for a new trial of the ruling upon a motion. (*Federal Land Bank v. Richardson,* 146 Kan. 803, 73 P. 2d 1005.)

The motions for appellants filed June 2, 1938, without respect to their title, could be nothing but motions addressed to the sound discretion of the court to review within the same term a ruling it had made. Such motions are addressed to the sound discretion of the court. They are recognized as proper under the general doctrine that a court has discretion to control its own judgments or orders within the term in which they are made. (*Federal Land Bank v. Richardson,* supra.)

The appeal here could present only the question of whether the court abused its discretion when it overruled those motions on September 17, 1938. Naturally, this court could not determine that question unless it had properly before it on appeal the correctness of the ruling made by the court on May 31, 1938. Since no appeal has been taken from that ruling it cannot be reviewed. It necessarily follows this court cannot determine the correctness of that ruling, or whether the court abused its discretion in not again considering it. The appeal must be dismissed. It is so ordered.