No. 36,547

JUANITA COATS, *Appellee*, v. J. BLOOD COATS, *Appellant*.

(167 P. 2d 290)

Opinion filed April 6, 1946.

*Harry K. Allen,* of Topeka, argued the cause, and *L. M. Ascough, Edward Rooney* and *Jacob A. Dickinson,* all of Topeka, were on the briefs for the appellant.

*A. Harry Crane,* of Topeka, argued the cause, and *Ward D. Martin* and *Harry Snyder, Jr.,* both of Topeka, were on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.; On November 9, 1944, in a divorce action brought by the wife, and after a hearing on the merits, the court rendered a decree granting plaintiff a divorce from defendant, awarding to plaintiff the custody of their two minor children, J. Blood Coats, Jr., twelve years of age, and George Yarrington Coats, nine years of age, with provision for their reasonable visitation by defendant, requiring defendant to pay to the clerk of the court for the use of plaintiff in the support of the children the sum of $80 per month, and making a property settlement between the parties. No appeal was taken from that decree. Its merits are not involved here.

On October 1, 1945, plaintiff filed in the same action a motion for authority to remove the children to California and stated "as grounds therefor that she has been granted custody of said minor children and that she desires to move to California which she thinks will be for the best interests for the training and development of the children, and she states further that she is willing that said children be permitted to return for a month during the summer vacation period to be with their father, J. Blood Coats, if he so desires."

On the same date defendant filed a motion to change the custody of the children from the plaintiff to him and also for an order restraining plaintiff from taking the children out of the jurisdiction of the court. These motions were duly heard by the court, at which hearing both the plaintiff and defendant and other witnesses called by them testified at length. On October 16, 1945, the court rendered its order and judgment denying defendant's motion to change the custody of the children. Concerning plaintiff's motion to take the children to California the court found:

". . . that the only question involved in consideration of this motion is the welfare of the children; that the question is will their welfare be promoted and benefited by their being taken out of the state, the plaintiff agreeing that if she is permitted to take the children out of the state that the father may see and have them for a period during the vacation months.

"Thereupon the court further finds from all the evidence and all the circumstances that it is convinced that the welfare of the children will be promoted by permitting the plaintiff to take them from the state of Kansas subject to the duty on her part to see that they spend the period from June 15 to August 15 in each year with the defendant; that this is subject to the

right of the court to change this order at any future time during the minority of the children and upon proper showing for such change."

Judgment was rendered in harmony with these findings. The defendant has appealed.

Appellant's specifications of error are, *first*, that the trial court erred in overruling defendant's demurrer to plaintiff's evidence in support of her motion. This point is argued with the fourth. *Second*, that the trial court erred in denying his motion for custody of the children. This point has been abandoned by appellant. *Third*, that the trial court erred in overruling defendant's motion for a new trial. Since our statute pertaining to new trials (G. S. 1935, 60-3001) does not provide for a new trial upon the hearing of a motion (*Mayall v. American Well Works Co.*, 149 Kan. 781, 89 P. 2d 846), the motion was simply one addressed to the trial court's discretion. Any argument in support of it is necessarily involved in the consideration of points one and four. *Fourth*, that the trial court erred in granting authority to plaintiff to remove the children from Kansas to California.

In support of the contentions of error here available appellant cites the case of *Chapsky v. Wood*, 26 Kan. 650 (opinion by Brewer, J.), a habeas corpus proceeding for the custody of a child, in which the court, both in the syllabus and in the opinion, stresses the future welfare of the child as being the important cause to be considered. Many other decisions stress the same point. The trial court was thoroughly familiar with this rule, and in fact used it as controlling in its decision upon plaintiff's motion. There is no error in this respect. Appellant argues generally that the evidence is not sufficient to justify the court's ruling. It would serve no useful purpose, either to the parties or to the children, to set out this evidence, or even to summarize it in detail. It is sufficient to say that the evidence disclosed that plaintiff is a capable woman, a good mother, vitally interested in the welfare of the children, in their school work, their church activities, in their doing some tasks during vacation, in caring for their health, and in seeing that they have appropriate exercise, entertainment and associates; and that the association of the children with defendant has been of such a character, although he perhaps did not so intend it, as to frustrate plaintiff's efforts in their behalf; to cause them to have an inferiority complex; not to do well at school; and to become irregular in their habits as related to their work, their play and their study.

The court, having heard all of this in much detail, having seen and observed the parties and the witnesses, concluded it would be to the best interests of the children for them to be farther away from defendant most of the time. The record amply justifies the order.

Appellant complains that the children are being sent out of the state. This question is secondary to that of the welfare of the children. There is no barrier to doing this when the circumstances warrant it. We did so in *Jones v. Jones,* 155 Kan. 213, 124 P. 2d 457, where a mother was given custody of a child, with authority to take the child to California. Later unofficial reports indicate the wisdom of the order. In the case of *In re Bullen, Petitioner, &c,* 28 Kan. 781 (opinion by Brewer, J.), the child was permitted to be taken to England. Appellant argues that the plaintiff might refuse to permit the children to come back to Kansas in the summertime and contends he would be without remedy. The point is not well taken. The trial court reserved the right to make further orders if the circumstances should warrant. Clearly the court would have authority, if the facts should justify it, to make an order changing the custody of the children, or to authorize defendant to stop monthly payments for their support, or to do both. If that were done there is no reason to think the California court would not give such orders proper recognition, just as we gave similar orders of a California court proper recognition here in the recent case of *White v. White,* 160 Kan. 32, 159 P. 2d 461, where many authorities on the matter are set out or cited. See 39 Am. Jur. 612; 46 C. J. 1247, where the general rules are stated, and 20 A. L. R. 838 *et seq.,* where the cases are annotated.

We find no error in the ruling of the trial court. Its judgment therefore is affirmed.