[No. 33543. Department Two. December 22, 1955.]

BYRNE N. SHERWOOD, *Plaintiff and Relator*, v. DOROTHY B. SHERWOOD, *Defendant*, THE SUPERIOR COURT FOR KING COUNTY, *William G. Long, Judge, Respondent.*[1]

*Williams & Kinnear* and *John W. Riley*, for relator.

*Riddell, Riddell & Williams*, for defendant.

ROSELLINI, J.—This case raises the question: Does a court which has once entered a valid divorce decree awarding custody of a child, have jurisdiction to modify that decree after the child has been removed to another state and has acquired a new residence and domicile?

On November 30, 1954, the plaintiff, Byrne N. Sherwood, obtained a divorce from the defendant, Dorothy B. Sherwood. The court found that both parents were fit and proper persons to have custody of the minor child, Byrne N. Sherwood, Jr., six and one half years of age, and awarded the child to the plaintiff with rights of visitation and custody during the vacation period to the defendant.

Both parties were represented by counsel, although the defendant did not appear personally at the hearing. Since the entry of the decree of divorce, the defendant has retained her domicile in the state of Washington.

[1]Reported in 291 P. (2d) 674.

Shortly after the entry of the decree of divorce, the plaintiff moved to Berkeley, California, taking the minor son with him, his right to do so having been recognized in finding of fact No. 8 in the divorce proceedings:

"The court finds that it is to the best interest of the child that the father be permitted to reside with the child in Berkeley, California, subject to reasonable rights of visitation and exchange of custody of the mother."

In June, 1955, about six months after the entry of the decree of divorce, the defendant made a trip to California, at which time the plaintiff, in violation of the provision of the divorce decree, prevented the defendant from visiting or seeing her child. Later, the plaintiff refused to permit the defendant to take the child during school vacation, as provided in the decree.

On September 2, 1955, the defendant petitioned the court which had granted the divorce to modify the decree in regard to custody of the minor child. She alleged that the present Mrs. Sherwood was not a fit and proper person to have the care of the minor child, and sought the sole custody of the child.

The plaintiff does not question the process issued in the case nor the manner of service upon him.

The plaintiff's motion to quash, challenging the court's jurisdiction, having been denied, the plaintiff by this application for a peremptory writ of prohibition seeks to determine whether the superior court of King county should be permanently restrained from considering the custody and status of Byrne N. Sherwood, Jr., the minor child of the plaintiff and the defendant, Dorothy B. Sherwood, as long as the child and plaintiff are domiciled and residing in the state of California.

The plaintiff contends that the issue of law presented here was decided indirectly in *In re Groves*, 109 Wash. 112, 186 Pac. 300; and in *In re Mullins*, 26 Wn. (2d) 419, 174 P. (2d) 790. In the *Groves* case, *supra*, this court had to determine whether it should give full faith and credit to the modification of a custody decree entered in a sister state

upon substituted service. We decided that we need not do so if the minor child had been domiciled in Washington with the consent of the petitioner and the modification was obtained *ex parte*. In *In re Mullins, supra*, we held that the decree of a sister state must be given full faith and credit in cases in which the court of a sister state has jurisdiction, and that this court will not consider a change of custody of children whose custody had been determined by that decree, until such time as the children become domiciled in this state. In each case, we recognized either expressly or impliedly the doctrine of continuing jurisdiction, and neither case denied that the court rendering the original decree and the court in the state of the new domicile may have concurrent jurisdiction. Neither case holds that the courts of this state may not exercise their continuing jurisdiction even though the minor may be residing outside of the state.

In *Harris v. Harris*, 71 Wash. 307, 128 Pac. 673, we held that the court making the original award of custody has continuing jurisdiction to increase child support payments regardless of the whereabouts of the child or parent. *In re Mullins, supra*, recognizes the rule in the following language:

"The question of the power of the court rendering an original decree of divorce to modify that decree regarding the custody of children in the absence of the children or child from its territorial jurisdiction, has been resolved by the great weight of authority in favor of such power of the court.

" 'It is the settled law of this state that the jurisdiction of the court rendering the decree of divorce is continuing as to the custody of children of the parties and as to awarding periodical allowance in favor of one party as against the other.' *Lanctot v. Lanctot*, 125 Wash. 310, 216 Pac. 356."

The rule is again recognized and followed in *Heuchan v. Heuchan*, 38 Wn. (2d) 207, 228 P. (2d) 470, 22 A. L. R. (2d) 1410. See, also, annotation 70 A. L. R. 518-532.

It is true, as contended by the plaintiff, that the Washington cases wherein the rule was followed, involve support money or alimony payments; but the rule as stated in those

cases applies with equal force to matters pertaining to custody.

Assuming that the plaintiff and the child have become domiciled in California, they are nevertheless subject to the continuing jurisdiction of the court which entered the original decree.

The writ is denied.

HAMLEY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.