DOROTHY OSMUN, APPELLANT, *v.* MARVIN NEIL OSMUN, RESPONDENT.

No. 3916

April 30, 1957                                    310 P.2d 407

*Wright & Eardley,* of Elko, for Appellant.

*F. Grant Sawyer,* of Elko, for Respondent.

## O P I N I O N

By the Court, EATHER, J.:

This is an appeal from an order modifying a decree of divorce to change custody of two minor children. Custody of the children (a boy age 6 and a girl age 3 at the time the suit was brought in 1954) was, by the decree of divorce, awarded to their mother. By the order of modification custody was changed to the father. The mother has taken this appeal. She contends that the trial court was guilty of abuse of discretion in that there is no evidence of such change of circumstances as would warrant the modification under the recognized law of this state: Elsman v. Elsman, 54 Nev. 31, 10 P.2d 963; Abell v. District Court, 58 Nev. 89; 71 P.2d 111; State Ex Rel. Groves v. District Court, 61 Nev. 269, 125 P.2d 723. We concur in this view.

One year elapsed from the date of the original decree to the date of the father's petition for modification. By the decree the mother was allowed $65 a month for the support of the children. She had no means of her own, no job, no home of her own. It was anticipated that she would be able to provide herself with all necessities for the proper care of the children, making her home in Salt Lake City. After the decree was granted she decided to return to school in Salt Lake City in order to better equip herself for employment. A week after the granting of the decree the parties agreed that for the current school year and until the summer of 1955 the father should take the children to Imlay, Nevada, to live with him. The mother's reasons for this agreement undenied by the father, were that with her attending school and working she would not have time to give the proper attention to the children; that the school situation was better for the children in Imlay; that the father had just completed service in the navy and felt that having the children with him would aid him in his adjustment to civilian life. From that time on the children remained with the father.

Just prior to filing his petition for modification he remarried; his financial position has improved since the original decree was rendered and accordingly his ability to provide a stable home for the children. No change of circumstances has been shown so far as affected the ability of the mother to care for the children. Her situation appears to be precisely the same as at the time the decree was rendered. There is no question whatsoever of her fitness or of her affection for the children.

The father contends that the experience of the intervening period itself demonstrates the mother's lack of ability to care for the children. This is not so. She is no less able now than when the decree was granted. She has not yet had an opportunity to demonstrate her ability to care for the children and the trial court is not yet able to judge of her abilities on the basis of experience. Her surrender of the children was voluntary and in line of her plan to secure further schooling, which plan she has now abandoned. Her voluntary temporary surrender of the children in the light of what she felt to be her best interests cannot be permitted to result in prejudice to her.

The only material change of circumstances apparent in the record is the improvement of the father's circumstances. In our opinion, such change, standing alone, cannot be justification for a change of custody. Traditionally it is considered to warrant a change in the amount of allowance more appropriately than change of custody.

Respondent places great reliance on Bemis v. Bemis, 89 Cal.App.2d 80, 200 P.2d 84, but a careful reading of the majority opinion in that case, in our opinion, supports the view we have taken.

Reversed and remanded with instructions that the order modifying the decree be set aside. Costs to the appellant.

BADT, C. J., and MERRILL, J., concur.