[Civ. No. 18425.   First Dist., Div. Two.   Jan. 11, 1960.]

VIRGINIA G. DAVIS, Appellant, v. THOMAS R. DAVIS, Respondent.

Looney, Watts, Looney & Nichols, Peart, Baraty & Hassard and Robert D. Huber for Appellant.

Vizzard, Baker & Sullivan for Respondent.

DOOLING, Acting P. J.—Appellant Virginia G. Davis (now Neely) obtained a final decree of divorce from respondent in the present action on June 3, 1950. By said decree the parents were given joint custody of their two minor children (a son, Paul, born in 1946 and a daughter, Gaylord, born in 1948) with the physical care, custody and control vested in the mother, subject to reasonable rights of visitation by the father. The decree incorporated an agreement of the parties by which appellant mother assumed full responsibility for the children's support, she having a separate income from a family trust of $40,000 to $60,000 per year.

After entry of the final decree appellant married one Ralph Neely and has since resided with her present husband and the two children in Oklahoma.

Respondent remarried in 1951, graduated from law school in 1952 and commenced the practice of law in Bakersfield in 1953, where he continues to live and practice law.

Respondent's financial circumstances did not permit him to visit the children in Oklahoma until the summer of 1954. However he wrote to them regularly and from time to time sent them gifts. The mother, however, did not permit his children to receive either letters or gifts from him.

When respondent went to Oklahoma in 1954 to visit his children appellant refused to permit him to see them. He commenced a habeas corpus proceeding in the district court in Oklahoma asking the court to enforce the visitation provisions of the California decree. After a hearing the Oklahoma court denied him the relief sought. The court in that proceeding found that the children are being cared for, nurtured, supported and educated by appellant and her husband Ralph Neely; that respondent has never contributed to his children's support; that he has not attempted to visit them since May, 1950 and they are total strangers to him; that the status and welfare of said children has completely changed toward him, said children having been brought up in a home where other children have been born with whom they share life as brothers; and that any visitation by respondent would be completely disruptive to said children and a detriment to their welfare and happiness.

This order has become final. On December 11, 1957, upon affidavit respondent secured from the superior court in which the divorce action is pending an order to show cause why the decree of divorce should not be modified to allow respondent to take his children from their present home for reasonable visits with him. This order to show cause was served upon appellant's attorneys in the divorce action (as in *Reynolds* v. *Reynolds,* 21 Cal.2d 580 [134 P.2d 251]), they appeared and after a hearing the California court on May 8, 1958, entered the order here appealed from by which it modified the final judgment of divorce to give respondent the physical care, custody and control of said children during the month of July of each and every year.

Appellant argues that since the children are now domiciled in and residents of Oklahoma the California court has no jurisdiction to make any further order for their custody. Appellant concedes that the courts in a majority of the jurisdictions of this country which have considered the question have ruled that a divorce court which at the time of entry of its original decree had jurisdiction to make a custody award retains continuing jurisdiction to modify such custody even though the children are domiciled and actually present in another jurisdiction. (*Stetson* v. *Stetson,* 80 Me. 483 [15 A. 60]; *Morrill* v. *Morrill,* 83 Conn. 479 [77 A. 1]; *Hersey* v. *Hersey,* 271 Mass. 545 [171 N.E. 815, 70 A.L.R. 518]; *Tinker* v. *Tinker,* 144 Okla. 97 [290 P. 185]; *Van Gundy* v. *Van Gundy,* 244 Iowa 488 [56 N.W.2d 43]; *Coats* v. *Coats,* 161 Kan. 307 [167 P.2d 290]; *Levell* v. *Levell,* 183 Ore. 39 [190 P.2d 527]; *Application of Habeck,* 77 S.D. 535 [69 N.W.2d 353]; *Ex parte State* ex rel. *McLaughlin,* 250 Ala. 579 [35 So.2d 507]; *Kern* v. *Lindsey,* 182 Va. 775 [30 S.E.2d 707]; *Sherwood* v. *Sherwood,* 48 Wn.2d 128 [291 P.2d 674]; *Graves* v. *Woodan* (Mo.), 291 S.W.2d 665; 39 Am.Jur., Parent and Child, § 25, p. 614; 27B C.J.S. (1959), Divorce, § 317(1)(c), pp. 533-534; notes in 70 A.L.R. pp. 526-532 and 9 A.L.R.2d 457-458.) ■ Under Civil Code, section 138, jurisdiction is expressly reserved to the divorce court in California to modify its custody awards and our courts have agreed that the fact that the children later become domiciled in another jurisdiction does not deprive the court of jurisdiction to modify its custody awards previously made. (*Dolgoff* v. *Dolgoff,* 81 Cal.App.2d 146 [183 P.2d 380]; *Marts* v. *Marts,* 15 Cal.App.2d 224 [59 P.2d 170]; cf. *Sampsell* v. *Superior Court,* 32 Cal.2d 763 [197 P.2d 739].)

Appellant cites and relies upon *Application of Enke,* 129

Mont. 353 [287 P.2d 19], cert. den. 350 U.S. 923 [76 S.Ct. 212, 100 L.Ed. 808]. There, by a closely divided court, two of the five justices joining in a vigorous dissent, the Montana Supreme Court held that the continuing jurisdiction of the California divorce court to modify a custody decree was lost where the children had become domiciled in Montana. This case admittedly represents a minority view although it is supported by Restatement, Conflict of Laws, section 146. Its reasoning is out of harmony with *Sampsell* v. *Superior Court, supra,* 32 Cal.2d 763, 777-780, which recognizes that the "courts of two or more states may have concurrent jurisdiction over the custody of a child." (P. 778.)

The Supreme Court of Wisconsin in *Greef* v. *Greef,* 6 Wis.2d 269 [94 N.W.2d 625] after noting the decision of the Montana court in Enke expressly refused to follow it, agreeing with the conclusion of our own Supreme Court in Sampsell, *supra* (94 N.W.2d p. 629) that more than one court may concurrently have jurisdiction of the question of child custody. The Wisconsin court also noted (94 N.W.2d p. 629) a proposed change in the Restatement to conform to this view. We are satisfied that under both the majority rule and the better view the California court once having acquired jurisdiction retained its jurisdiction to modify its custody decree in this case.

Appellant also argues that no sufficient change of circumstances was shown to support the court's action in modifying the decree in view of the judicial determination of the Oklahoma court in the habeas corpus proceedings that it was not for the best interests of the children that they be visited by their father. The effect of the order in habeas corpus as res judicata is open to some question. The Oklahoma court did not purport to change the custody order of the California court. It only refused to enforce it in 1954. ▮▮▮ Whether an order refusing to enforce the father's rights of visitation under the California decree at a particular date should be given the effect of modifying the California decree for the future seems very doubtful. If it be given that effect, however, it would admittedly still be subject to modification in the future on a proper showing. In *McKee* v. *Murrow,* 241 Iowa 434 [40 N.W.2d 924], the father after the Iowa court had made a custody award took the child to Texas and in a habeas corpus proceeding secured a modification thereof. Of a subsequent application by the mother to the Iowa court the Supreme Court of Iowa said (pp. 926-927 [40 N.W.2d]): "If Texas can change an Iowa order of custody on a showing of

changed conditions, then Iowa can surely change a Texas order of custody on a similar showing.''

The trial court found in support of its order: 1. that subsequent to the Oklahoma hearing, having learned thereat that appellant herein based her refusal of visitation in part on his failure to furnish any support for the children, respondent offered to enter into negotiation with her for the fixing of an equitable schedule of support payments but that appellant refused; 2. that respondent has since the Oklahoma hearing talked to the children by telephone and communicated with them by registered letter; that gifts have been delivered to them by registered mail; and that respondent has maintained contact with their physician and is not now a total stranger to the children or they to him; 3. that the children are three years older than they were in 1954 at the time of the habeas corpus hearing and correspondingly better equipped emotionally to meet with their father and that no evidence was introduced to show that, in view of the children's awareness of their father and their greater maturity, visitation would now be destructive to the children or a detriment to their welfare and happiness.

[██] Much must be left to the discretion of the trial court in determining whether there is a sufficient change of circumstances to justify a modification of a custody decree. (*Holsinger* v. *Holsinger*, 44 Cal.2d 132, 135 [279 P.2d 961]; *Clarke* v. *Clarke*, 35 Cal.2d 259, 261 [217 P.2d 401]; *Foster* v. *Foster*, 8 Cal.2d 719, 730 [68 P.2d 719].) We cannot find an abuse of discretion under the facts here found. If the father and the children are not to be deprived for all time of the opportunity to know and associate with one another because of the mother's fixed opposition, enough has been shown in our judgment to justify the order made.

The order is affirmed.

Draper, J., and Stone, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.