CHARLECY E. DEAN, APPELLANT, *v.* RUBY KIMBROUGH AND BEN W. KIMBROUGH, RESPONDENTS.

No. 6664

February 24, 1972          492 P.2d 988

---

*Greenman & Goldberg,* of Las Vegas, for Appellant.

*Leavitt, Edwards & Gladstone,* of Las Vegas, for Respondents.

## OPINION

By the Court, ZENOFF, C. J.:

Charlecy E. Dean was granted a divorce from Ben W. Kimbrough in the state of Alabama on August 15, 1969. In those proceedings she was awarded the care, custody and control of the two minor children of their marriage. Later, she signed an agreement ratified by her former husband and father of the children that the children would be under the care and custody of their paternal grandmother, Ruby Kimbrough.

In November of 1970 Charlecy gained possession of the children by pretext and brought them to Las Vegas where she sought to modify again the Alabama custody award which had been modified by the agreement with the grandmother. After a hearing her action was dismissed by the trial judge.

While her petition for a rehearing of that motion was pending Ben Kimbrough, father of the children, and Ruby Kimbrough, the grandmother, approximately 13 days after the

dismissal of the motion to modify petitioned a different judge for a writ of habeas corpus seeking custody of the children. Because he was scheduled to leave the country for an extended overseas military tour he stipulated with Charlecy that the habeas corpus hearing be a full-blown custody hearing, but the trial court refused to convert the habeas hearing into a custody hearing principally on the ground that there was no showing that a change in custody was essential or vital or necessary.

From what we can glean from the record Charlecy's only claim of changed circumstances was that she was again married. She appeals from the granting of the writ.

Two issues are presented: (1) is the granting of a habeas corpus writ in connection with child custody an appealable judgment, and (2) if it is appealable, nevertheless, did the trial court abuse its discretion in not conducting a full custody hearing at the time set for the habeas hearing when 13 days prior in another judicial department a motion to modify the child custody award was dismissed.

1. The specific issue whether the granting of a child custody habeas corpus writ is an appealable judgment has not heretofore been decided by this court, although the court has heard appeals in the past from child custody habeas corpus proceedings. McGlone v. McGlone, 86 Nev. 14, 18, 646 P.2d 27 (1970); Ferguson v. Krepper, 83 Nev. 408, 432 P.2d 668 (1967); Welfare Division v. Maynard, 84 Nev. 525, 445 P.2d 153 (1968); In the Matter of Schultz, 64 Nev. 264, 181 P.2d 585 (1947); In the Matter of Swall, 36 Nev. 171, 134 P. 96 (1913); Tiedemann v. Tiedemann, 35 Nev. 259, 129 P. 313 (1913).

Traditionally, habeas corpus as applied to child custody matters has been considered to be civil in nature. Evens v. Keller, 35 N.M. 659, 6 P.2d 200 (1931); Tillman v. Walters, 214 Ala. 71, 108 So. 62 (1925); and so too by some states in habeas proceedings arising from the criminal context, Little v. Rhay, 413 P.2d 15, 19 (Wash. 1966). As such, its granting or denial is a final judgment and appealable under NRCP 72(b)(1).

A child custody contest partakes in its nature that of a private suit in which the state is not a party as in a criminal action. The rights of the parties are decided as in any civil action and the judgment rendered is a final adjudication on the facts and circumstances existing at the time of the judgment. Cf. Ex

parte Bruegger, 267 P. 101 (Cal. 1928); Application of Croze, 145 Cal.App.2d 492, 302 P.2d 595 (1956).

2. Nevada law holds that child custody may be modified upon the showing of change of circumstances, but that does not mean that the Nevada court *must* have a full custody hearing in a habeas corpus proceedings. Lyerla v. Ramsay, 82 Nev. 250, 415 P.2d 623 (1966); Murphy v. Murphy, 84 Nev. 710, 447 P.2d 664 (1968); Ferguson v. Krepper, 83 Nev. 408, 432 P.2d 668 (1967); Sisson v. Sisson, 77 Nev. 478, 367 P.2d 98 (1961); Osmun v. Osmun, 73 Nev. 112, 310 P.2d 407 (1957).

Considering that a hearing to modify having been had but 13 days prior and a failure in the instant proceedings to show that a change in custody was essential or vital or necessary, under these circumstances the trial judge did not abuse his discretion.

Affirmed.

BATJER, MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.