SHIRLEY BUSSEY, APPELLANT, v. RONALD HAYMORE, RESPONDENT.

No. 6809

July 11, 1972                    498 P.2d 1332

*Robert A. Grayson,* of Carson City, for Appellant.

*Laxalt, Berry & Allison* and *Andrew MacKenzie,* of Carson City, for Respondent.

**OPINION**

By the Court, ZENOFF, C. J.:

Shirley (Haymore) Bussey obtained in California an interlocutory judgment of divorce by default on May 19, 1967 wherein she attained the custody, care and control of Tammy Haymore and her then-unborn child (now Shelly) plus an order for child support and other relief. A final judgment of dissolution was entered August 7, 1970 incorporating the terms of the interlocutory order.

After a remarriage, Shirley, with her children and new husband, moved to Carson City, Nevada, where they have remained and where they intend to remain.

Ronald Haymore filed a modification motion with the California court during a support payment contempt hearing on July 6, 1971, which motion was heard on November 4, 1971, and culminated in an order modifying the custody award in favor of Ronald. Prior to the modification hearing the court had ordered a marriage counselor to investigate the merits of the request and report back to the court. An investigation was made by a Nevada probation officer as to Shirley's home and environment in Carson City, also with a report back to the court.

Shirley received actual notice of the custody hearing whereupon she contacted her California counsel to represent her therein. On advice of counsel neither Shirley nor the children attended or participated in any fashion in the custody hearing. Her counsel, however, did appear and actively participated.

Armed with the custody change order Ronald instituted a habeas corpus action in Nevada which was granted after a hearing on November 17, 1971, thirteen days after the California modification, from which order this appeal is taken. The Nevada court refused to consider evidence offered by appellant which in effect would have converted the habeas corpus proceeding into a full custody hearing.

1. Appellant claims that the California court did not have jurisdiction over Shirley and therefore could not make a binding change-of-custody order.

The rule in California is very clear that once jurisdiction attaches to grant a divorce and award custody of minor children such jurisdiction is continuing and power to amend, modify or annul an award of custody as existing conditions demand remains. Noon v. Noon, 84 Cal.App.2d 374, 191 P.2d 35 (Cal.App. 1948); Rosin v. Superior Court, 5 Cal. Rptr. 421 (Cal.App. 1960); Fox v. Fox, 286 P.2d 521 (Cal.App. 1955).

Appellant contends she was denied procedural due process because proper service of respondent's motion for modification was not made. However, her present counsel acknowledged to the court below that appellant had consulted a California attorney with reference to the modification motion, and the record reflects that the attorney generally appeared on her behalf. She has not attempted to show that such California counsel objected to proceeding on grounds of insufficient notice. Where a party proceeds to trial or hearing without

protest as to any deficiencies in notice, such deficiencies are waived, 1 Witkin, California Procedure 2d 651–52 (1970), and no contrary showing having been made, we assume the California court's actions were regular. Cf. Raps v. Raps, 125 P.2d 826 (Cal. 1942).

2. Notwithstanding that the California court had jurisdiction appellant asserts that the California order is not valid as there was no express finding of "changed circumstances."

Nowhere in the appropriate California Civil Code section[1] is there a requirement of showing "changed circumstances," in fact, that rule has been repudiated (see Stack v. Stack, 11 Cal.Rptr. 177, 187 (Cal.App. 1961)) and now the "paramount and controlling consideration is the welfare of the child. That question is directed to the discretion of the trial court and in making its determination the court has broad latitude. Its ruling will not be disturbed by a reviewing court, a clear showing of abuse absent, and every presumption supports the reasonableness of the decree." In re Walker, 39 Cal.Rptr. 243, 247 (Cal.App. 1964); Russo v. Russo, 98 Cal.Rptr. 501, 511 (1971).

---

[1]"§ 4600. Custody order; preferences; findings; allegations; exclusion of public

In any proceeding where there is at issue the custody of a minor child, the court may, during the pendency of the proceeding or at any time thereafter, make such order for the custody of such child during his minority as may seem necessary or proper. If a child is of sufficient age and capacity to reason so as to form an intelligent preference as to custody, the court shall consider and give due weight to his wishes in making an award of custody or modification thereof. Custody should be awarded in the following order of preference:

(a) To either parent according to the best interests of the child, but, other things being equal, custody should be given to the mother if the child is of tender years.

(b) To the person or persons in whose home the child has been living in a wholesome and stable environment.

(c) To any other person or persons deemed by the court to be suitable and able to provide adequate and proper care and guidance for the child.

Before the court makes any order awarding custody to a person or persons other than a parent, without the consent of the parents, it shall make a finding that an award of custody to a parent would be detrimental to the child and the award to a nonparent is required to serve the best interests of the child. Allegations that parental custody would be detrimental to the child, other than a statement of that ultimate fact, shall not appear in the pleadings. The court may, in its discretion, exclude the public from the hearing on this issue."

3. Is the order entitled to full faith and credit in Nevada? The rule is "that the state of the forum has at least as much leeway to disregard the judgment, to qualify it or to depart from it as does the state where it was rendered." Halvey v. Halvey, 330 U.S. 610, 615 (1947); Ferguson v. Krepper, 83 Nev. 408, 411, 432 P.2d 668 (1967). Although our preference is to award custody of minor children of tender years to the mother, Peavey v. Peavey, 85 Nev. 571, 460 P.2d 110 (1969), we cannot fault the California court for an abuse of discretion on this ground alone.

Appellant asserts that the lower court abused its discretion in not conducting a full change-of-custody hearing. The California proceedings were had only 13 days before. To require another hearing in Nevada in such close succession would be to engage in a judicial game of badminton with the position of the shuttlecock varying from week to week. There is no abuse of discretion. Dean v. Kimbrough, 88 Nev. 102, 492 P.2d 988 (1972).

Affirmed.

BATJER, MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.