Application of Corey Axon Karstetter for a Writ of Habeas Corpus.

Corey Axon KARSTETTER, Petitioner,

v.

Harold J. CARDWELL, Warden, Arizona State Prison, Respondent.

Civ. No. 74–532 Phx. WPC.

United States District Court, D. Arizona.

May 29, 1975.

---

Clark L. Derrick of Flynn, Kimerer, Thinnes & Galbraith, Phoenix, Ariz., for petitioner.

Bruce Babbitt, Atty. Gen., of Ariz., Phoenix, Ariz., for respondent.

## MEMORANDUM AND ORDER

COPPLE, District Judge.

Habeas petitioner Karstetter has moved this Court for an order nunc pro tunc approving the filing of his notice of appeal on January 30, 1975. The order appealed from was entered on December 3, 1974. Counsel for petitioner has advanced, as the reason for his delay in filing the notice, the fact that the majority of his practice "constitutes criminal matters wherein the United States is a party" and that he therefore mistakenly calendared sixty days "within which to appeal from the December 3rd judgment rather than thirty days." Petitioner is presently incarcerated in the Arizona State Prison, and would, if the appeal were allowed, present what the Court believes are important questions of law.

Two questions must be answered before the relief requested may be granted: (1) does this Court have the power to grant an extension at this point? (2) if it does, has petitioner shown neglect which is "excusable" within the meaning of Rules of Appellate Procedure 4.

(1) *JURISDICTION.* Rule 4(a) states that "[u]pon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision." Professor Moore has stated that the "earlier cases" held that an extension must be both sought and granted within the thirty-day period, and cites *North Umberland Mining Co. v. Standard Acc. Ins. Co.,* 193 F.2d 951 (9th Cir. 1952), as "implying" such a result. But the question being discussed here was not at issue in *North Umberland,* and this Court does not conclude that that case is in fact authority for the proposition suggested.

■ The Court believes that such a strict construction of the Rule "would be unduly harsh and contrary to the spirit of [the Rules]." *C-Thru Products, Inc. v. Uniflex, Inc.,* 397 F.2d 952, 955 (2nd Cir. 1968). In the case at bar, respondent State of Arizona was clearly on notice of petitioner's intended appeal within the time period anticipated by the Rules, and petitioner's right to the relief sought ought to be determined by the presence or absence of neglect which was "excusable." *See Reed v. People of State of Michigan,* 398 F.2d 800 (6th Cir. 1968); *Evans v. Jones,* 366 F.2d 722 (4th Cir. 1966).

■ (2) *EXCUSABLE NEGLECT.* The relief sought may be granted only upon a showing that the neglect which delayed the filing of the notice of appeal was excusable. In general in a civil case, counsel's mistaken belief that the Rules allowed sixty, rather than thirty days, does not constitute excusable neglect. *Harlan v. Graybar Electric Co.,* 442 F.2d 425 (9th Cir. 1971). However, although a petition for the writ of habeas corpus is certainly a "civil" action, there are other considerations which may lead to a different result than that reached in *Harlan.* In the ordinary civil case, the "stakes" are generally property. In the case at bar, it is a man's liberty at stake. The Court therefore concludes that if there is in fact a different standard of "excusability" in criminal cases than in civil cases, it is the former which should be applied here in spite of the technically "civil" nature of this case.

■ It has been held that oversight or neglect of the defendant's attorney may indeed constitute "excusable" neglect in a criminal case. *See United States v. Isabella,* 251 F.2d 223 (2nd Cir. 1958). Professor Moore observes that "[i]n principle, no other result can be tolerated. It is monstrous to say in any case that a person must lose a valuable right simply because an officer of the court has blundered. That result is tolerated in civil cases only because it is conceived to be desperately necessary if litigation is to end. But '[c]onventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged.'" 9 Moore's Federal Practice ¶ 204.19, at 996, quoting from *Sanders v. United States,* 373 U.S. 1, 8, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

The Court therefore concludes that a showing of "excusable neglect" has been made, and the relief requested should be granted.

It is so ordered.