Larry Eugene PLUMB, Plaintiff
and Respondent,

v.

Penelope Jeanne PLUMB, De-
fendant and Appellant.

No. 14465.

Supreme Court of Utah.

Oct. 26, 1976.

Gordon F. Esplin, Salt Lake County Bar Legal Services, Salt Lake City, for defendant and appellant.

Samuel F. Chamberlain, James R. Morgan, Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

Defendant appeals from a judgment awarding custody of a minor to plaintiff. We affirm.

The parties to this action were married in July 1971, in Wilmot, South Dakota. They were granted a decree of divorce in Utah in April of 1974. Defendant was awarded custody of the parties' minor child, Scott. Prior to August, 1974, defendant placed Scott in the care of Utah State Division of Family Services, who in turn placed the child in the home of plaintiff's parents. In August, 1974 defendant took the child to South Dakota, where they thereafter resided.

On April 4, 1975, defendant's parents petitioned the circuit court in Roberts County, South Dakota, requesting their appointment as guardians of the minor child, Scott Plumb. The maternal grandparents alleged the child was neglected, dependent and abused; and that the mother, defendant, had neglected and abandoned the child.

On April 17, 1975, plaintiff filed an order to show cause, requesting a modification of the decree of divorce to award him custody of the minor child. Defendant entered a special appearance contesting the jurisdiction of the court to modify the custody. The reason advanced was the minor child was domiciled in South Dakota; and, that being the "legal situs" of the domicile the courts of that state had exclusive jurisdiction to determine the issue. The trial court denied defendant's motion to dismiss for lack of jurisdiction.

Upon hearing, the trial court found defendant to have neglected and abandoned the child, failed to obtain adequate medical care for the child's special medical problem, viz., his hydrocephalic condition. The court further found plaintiff was a proper person to have custody, and that he had arranged for the child to receive adequate medical care at the University of Utah Medical Center. The decree was modified transferring custody to plaintiff, subject to reasonable visitation rights in the defendant.

On appeal defendant contends the trial court did not have jurisdiction to modify the decree of divorce concerning the child's custody on the ground the child and his mother were domiciliaries of South Dakota. Defendant claims the continuing jurisdiction of the court to modify a divorce decree, with respect to the custody of children, as provided in 30–3–5, U.C.A. 1953, is lost after the domicile of the child and the party given custody thereof have been changed to another state.[1] Defendant's argument is predicated on the theory that at a given time only one state has exclusive jurisdiction to determine a custody issue. Defendant cites the first Restatement, Conflicts, Section 117:

A state can exercise through its courts jurisdiction to determine the custody of children . . . only if the domicil of the person placed under custody or guardianship is within the state.

Under this "domicil theory" as reflected in Section 117 and 2 Beale, Conflicts of Law, Section 144.3, pp. 717–718 (1935), the court in the state where the child is domiciled has exclusive jurisdiction. The law in this area has changed markedly since the dates of the two cited treatises. It has done so primarily because of the marked changes in the mobility of our society.

This concept of exclusive jurisdiction has been rejected in Restatement, Second, Conflicts, Section 79, wherein three different bases of jurisdiction to determine custody are stated.[2] As a result there may be situations where three states have concurrent judicial jurisdiction: namely, the state of the child's domicil, the state where it is present at the time of the suit, and the state which has personal jurisdiction over those who are competing for his custody. Of course, the fact that a court has jurisdiction on one of these three bases does not mean it will necessarily entertain the suit. The paramount consideration in entertaining the suit, or not entertaining it, is the interest and well-being of the child.

■ Here, the parties were personally subject to the continuing jurisdiction of the court under 30–3–5, U.C.A.1953. The court retains jurisdiction to deal with custody of children, in supplemental proceedings having the same authority as it did originally.[3]

The majority of courts have ruled a divorce court, which at the time of entry of its original decree had jurisdiction to make a custody award, retains continuing jurisdiction to modify such custody; even though the children are domiciled and actually present in another jurisdiction.[4]

---

1. *Johnson v. Johnson*, 105 Ariz. 233, 462 P.2d 782 (1969).

2. "A state has power to exercise judicial jurisdiction to determine the custody, or to appoint a guardian, of the person of a child or adult (a) who is domiciled in the state; or (b) who is present in the state, or (c) who is neither domiciled nor present in the state, if the controversy is between two or more persons who are personally subject to the jurisdiction of the state."

3. *Harmon v. Harmon*, 26 Utah 2d 436, 491 P.2d 231 (1971).

4. *Davis v. Davis*, 177 Cal.App.2d 75, 1 Cal. Rptr. 923 (1960) ; *Application of Price*, Okl., 528 P.2d 1107 (1974) ; *Brandner v. Brandner*, 154 Mont. 373, 464 P.2d 508 (1970) ; *Bussey v. Haymore*, 88 Nev. 419, 498 P.2d 1332 (1972) ; *MacMillan v. MacMillan*, 174 Colo. 20, 482 P.2d 107 (1971) ; *Lyerla v. Lyerla*, 195 Kan. 259, 403 P.2d 989 (1965) ; *Hawkins v. Hawkins*, 264 Or. 221, 504 P.2d 709 (1972) ; *Sherwood v. Sherwood*, 48 Wash. 2d 128, 291 P.2d 674 (1955).

This ruling is consistent with Restatement, Second, Conflicts, Section 26, which provides:

If a state obtains judicial jurisdiction over a party to an action, the jurisdiction continues throughout all subsequent proceedings which arise out of the original cause of action. Reasonable notice and reasonable opportunity to be heard must be given the party at each new step in the proceeding.[5]

Comment "g" of Section 26 at p. 119, states:

Jurisdiction continues even though the original cause of action may involve matters of long duration. A change in domicile of the parties or other change in circumstances does not destroy jurisdiction, but may lead the court in a reasonable exercise of discretion to refuse to exercise jurisdiction.

In this matter, the change of the child's domicile to a sister state did not deprive the court, which entered the original divorce decree, of its continuing jurisdiction. Concurrently, the South Dakota court was invested with jurisdiction to readjudicate custody based upon changed circumstances affecting custody, since entry of the existing valid custody award.[6]

The final question is whether the trial court should have assumed and exercised jurisdiction. It is not under all circumstances, regardless of what has occurred, that once a court has acquired jurisdiction in a divorce action it should assume and exercise jurisdiction for all subsequent motions relating to the custody of minor children.

In application of Price[7] the court stated that in determining the custody of children, in a divorce action, the welfare of the child is the paramount consideration. Consequently, if a motion for modification of a divorce decree should affirmatively show the welfare of the child to be in jeopardy, or some other unusual circumstance exists, the court should assume jurisdiction.

Here, defendant moved to another jurisdiction, where it was alleged in a guardianship proceeding she had neglected and abandoned the minor child. In the proceeding in South Dakota, the applicants had previously had no custodial rights in the child. Furthermore, the child required special medical attention for his hydrocephalic condition. Under these circumstances, the trial court properly assumed and exercised jurisdiction to modify the decree and transfer custody to the plaintiff.

HENRIOD, C. J., ELLETT and CROCKETT, JJ., and GEORGE E. BALLIF, District Judge, concur.

---

5. See Leflar, American Conflicts Law (Rev. Ed.) Section 28, pp. 50–52.

6. *Brandner v. Brandner*, Note 4, supra.

7. Note 4, supra.