JAMES DOUGLAS HILL, APPELLANT, v. WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 12061

January 3, 1980                                    604 P.2d 807

*Norman Y. Herring,* State Public Defender, and *J. Gregory Damm,* Deputy Public Defender, Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, and *Richard E. Thornley,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

By the Court, Manoukian, J.:

Appellant, a prisoner at the Nevada State Prison in Carson City, filed a petition for a writ of habeas corpus in the First Judicial District Court. On June 19, 1979, a hearing was held at which the trial court orally denied the petition. Three days later, on June 22, 1979, appellant filed a notice of appeal. On June 26, 1979, a written order denying the petition was filed in the district court. Respondent moves to dismiss the appeal, arguing that the notice of appeal was premature, and therefore a nullity.

This habeas corpus case is governed by former NRS 34.380(6), which provided that appeals be taken "within 15 days from the day of entry of the order or judgment."[1] The issue here is whether the notice of appeal should be treated as filed after entry of the order and on the day thereof, as in a criminal action. NRAP 4(b).[2]

This court has said that a habeas corpus proceeding is in the nature of a civil action. Dean v. Kimbrough, 88 Nev. 102, 492 P.2d 988 (1972); In re Smith, 35 Nev. 30, 126 P. 679 (1912). In a civil case, the notice of appeal must be filed after written notice of entry of the judgment. NRAP 4(a). A premature notice of appeal in a civil case is ineffective, and the appeal will be dismissed. Elko-Tuscarora Co. v. Wines, 24 Nev. 305, 53 P. 177 (1898).

The United States Supreme Court has said that the "civil" label for habeas corpus is "gross and inexact." Harris v. Nelson, 394 U.S. 286, 293–94 (1969). The Supreme Court has also held that although habeas corpus is technically civil in nature, "it is not automatically subject to all the rules governing ordinary civil actions." Schlanger v. Seamans, 401 U.S. 487, 490 n.4 (1970).

---

[1] NRS 34.380 was amended effective July 1, 1979. *See* 1979 Nev. Stats., ch. 216, at 312.

[2] NRAP 4(b), dealing with appeals in criminal cases, provides, in part: "A notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof."

Our opinions have also recognized that the "civil" characterization of habeas corpus cases is not always accurate. In re Smith, *supra,* was a habeas corpus case in the criminal context. Although it was said that habeas corpus proceedings are often classed as being in the nature of civil actions instead of criminal actions, the rules of civil practice were not literally applied. Dean v. Kimbrough, *supra,* was a child custody habeas corpus case which was distinguished from criminal cases on the basis that a child custody habeas corpus case "partakes in its nature that of a private lawsuit in which the state is not a party as in a criminal action." 88 Nev. at 104, 492 P.2d at 989.

It is apparent that habeas corpus is a proceeding which should be characterized as neither civil nor criminal for all purposes. It is a special statutory remedy which is essentially unique. This conclusion is supported by Nevada statutes dealing with writs. While our legislature has specifically provided for the application of the Nevada Rules of Civil Procedure in cases involving writs of certiorari and mandamus,[3] there is no similar provision for writs of habeas corpus.[4] In addition, NRS 34.380 provides that any procedure for a change of judge in a civil case applies in a habeas proceeding.[5] This provision would not be necessary if habeas corpus is strictly civil in nature.

In this case it is necessary for us to decide the narrow issue of the effect of a premature notice of appeal in a post-conviction habeas corpus case.

Karstetter v. Cardwell, 399 F. Supp. 1298 (D.Ariz. 1975), involved an untimely notice of appeal. In deciding whether to apply a criminal or a civil rule regarding excusable neglect for the late filing of a notice of appeal, the court noted that in the ordinary civil case, the "stakes" are generally property, while in a habeas case a prisoner's liberty is at stake. The court granted relief to the petitioner, holding that the rule of criminal cases should apply "in spite of the technically 'civil' nature of this case." *Id.* at 1300. *See also,* Stokes v. Peyton's Inc., 508 F.2d 1287 (5th Cir. 1975).

Appellant is serving a ten year sentence in the Nevada State Prison. He has challenged the legality of his imprisonment. His notice of appeal was filed after the district court orally denied his petition, but before the written order was filed. The state

---

[3]NRS 34.130, 34.140, 34.300, and 34.310.

[4]*See* NRS 34.360–34.680.

[5]*See* NRS 34.380(8), as amended 1979 Nev. Stats., ch. 216, at 314.

had notice of appellant's intent to appeal, and we perceive no prejudice to the state caused by the early notice of appeal. Under these circumstances, the rule in criminal cases under NRAP 4(b) should be applied, and the notice of appeal will be "treated as filed after entry of the order and on the day thereof."

Respondent's motion to dismiss is denied.

Mowbray, C. J., and Thompson and Batjer, JJ., concur.

Gunderson, J., concurring:

Although I concur in the result, I respectfully submit the majority opinion omits to take into account that the procedure followed by appellant has heretofore been recognized as valid.

In the past, this court has consistently deemed oral orders denying habeas petitions to be final and appealable. No written order has been required for finality. No written notice of entry of judgment has been required, in order to start appeal time running. This court has dismissed numerous habeas appeals, for not filing notice of appeal within fifteen days after oral denial.

It therefore seems incorrect to say, as set forth above: "In this case it is necessary for us to decide the narrow issue of the effect of a premature notice of appeal in a post-conviction habeas corpus case." Under our practice, notice of appeal was not "premature." If indeed such notice was "premature," we will now have our work cut out for us, going back to find and to reinstate all the appeals heretofore dismissed for failure to appeal from oral orders of denial.